**Richard Kenneth SCHMIDT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 23772.

United States Court of Appeals
Fifth Circuit.

June 30, 1967.

Rehearing Denied En Banc
Aug. 15, 1967.

Gary B. Blasingame, Monroe, Ga., for appellant.

Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM:

On June 6, 1966, Richard Kenneth Schmidt was tried by the District Court, sitting without a jury, and convicted on three counts of bank robbery, 18 U.S. C. § 2113. He was sentenced to twenty years imprisonment, to run concurrently with two outstanding Federal sentences previously imposed in North Carolina. We affirm.

The conviction is vigorously attacked on two grounds: (1) that an examination of the contents of a traveling bag on board a plane about to depart from Jacksonville, Florida, constituted an illegal search and (2) that requiring appellant to appear in lineups in Jacksonville and Athens, Georgia, the latter at a time when his counsel was absent on a mission trying to prevent it, violated appellant's Constitutional rights.

As to the examination of the bag, which contained a pistol and about eleven thousand dollars in money, the District Court conducted a full scale evidentiary hearing on a motion to suppress. After hearing all the witnesses, including Schmidt, the Court found as a fact that the examination of the bag and its contents "was made with the free, voluntary and volitional consent"

of the appellant and that the F.B.I. agent upon the discovery of the money and the gun had probable cause to make the arrest. Indeed, the Court further found and held that on the basis of credible information then in possession of the agent he had probable cause to make the arrest even if he had not examined the contents of the bag. A review of the record leaves us free of all doubt that the District Court fell into no error in this regard. See, for example United States v. Gorman, 2 Cir., 1965, 355 F.2d 151, cert. den. 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027. The facts in the *Gorman* case concerning a defendant by the name of Roche are almost identically similar to those here except that Roche was encountered in his own room at a motel and there consented to a search of a handbag prior to his arrest. The handbag contained a gun and money. See also Landsdown v. United States, 5 Cir., 1965, 348 F.2d 405, and cases there cited.

On June 12, 1967, in United States v. Wade, 87 S.Ct. 1926 and in Gilbert v. State of California, 87 S.Ct. 1951 the Supreme Court held that requiring a defendant to appear in a lineup and to repeat words similar to those used at the scene of a bank robbery does not violate Fifth Amendment rights against self-incrimination. It further held, however, that to require a lineup in the absence of counsel and in the absence of an intelligent waiver of the presence of counsel does violate the Sixth Amendment.

On the same day, in Stovall, Petitioner, v. Denno, Warden, 87 S.Ct. 1967 the Court ruled as follows:

"We hold that *Wade* and *Gilbert* affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date [June 12, 1967]".

Consequently, the judgment is

Affirmed.

## ON PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.