**In re Albert DINI, a Witness before the Special February 1971 Grand Jury.**

**No. 71 GJ 466.**

United States District Court, N. D. Illinois, E. D.

Feb. 19, 1971.

**394**

William J. Bauer, U. S. Atty., Chicago, Ill., for United States Government.

ROBSON, Chief Judge.

## MEMORANDUM AND ORDER ON GOVERNMENT'S PETITION TO COMPEL VOICE EXEMPLARS

On behalf of the February 1971 Special Grand Jury, the United States Attorney petitions this court for orders directing certain witnesses to furnish exemplars of their voices. For the reasons stated below, this court is of the opinion the petitions should be granted.

■ The February 1971 Special Grand Jury is presently investigating possible violations of federal criminal statutes. Each witness who is the subject of these petitions has been called before the grand jury and has been fully advised that he or she is a potential defendant in its investigation. The grand jury has requested that each of these witnesses furnish voice exemplars, and each witness has refused to do so. The grand jury states that it needs these voice exemplars as a standard of comparison in order to identify voices intercepted by agents of the Federal Bureau of Investigation pursuant to orders entered by this court in 70 C 2510 and 70 C 2601. The witnesses here contend that to compel them to furnish such voice exemplars would violate their constitutional rights under the Fourth and Fifth Amendments. This court does not agree.

### THE FOURTH AMENDMENT

■ The witnesses are lawfully before the grand jury pursuant to subpoena. The Fourth Amendment prohibition against unreasonable search and seizure applies only where identifying physical

characteristics, such as fingerprints, are obtained as a result of unlawful detention of a suspect, or when an intrusion into the body, such as a blood test, is undertaken without a warrant, absent an emergency situation. *E. g.*, Davis v. Mississippi, 394 U.S. 721, 724–728, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Schmerber v. California, 384 U.S. 757, 770–771, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The voice exemplars sought clearly do not fall within the scope of an illegal search and seizure, and to compel these witnesses to furnish such evidence of physical characteristics in order to assist the grand jury does not violate their rights under the Fourth Amendment.

### THE FIFTH AMENDMENT

██ ██ The Fifth Amendment privilege against self-incrimination protects a suspect or accused from being compelled to testify against himself or otherwise provide the government with evidence of a testimonial or communicative nature. Schmerber v. California, 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Voice exemplars, just as handwriting exemplars or fingerprints, do not have testimonial or communicative qualities within the meaning of the Fifth Amendment. Schmerber v. California, *supra*, at 764, 86 S.Ct. 1826. The Supreme Court has ruled that to compel a defendant to repeat certain words allegedly used in the perpetration of a crime for identification purposes does not violate his Fifth Amendment rights. United States v. Wade, 388 U.S. 218, 222–223, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). *See also* Higgins v. Wainwright, 424 F.2d 177, 178 (5th Cir. 1970); Schmidt v. United States, 380 F.2d 22, 23 (5th Cir. 1967), cert. den. 390 U.S. 908, 88 S.Ct. 830, 19 L.Ed.2d 876 (1968). This court therefore concludes that the orders sought do not violate these witnesses' rights against self-incrimination.

### ADMISSIBILITY AT TRIAL

██ Several of the witnesses have raised objections on the grounds that voiceprints obtained from the voice exemplars in question would not be admissible evidence at trial. These objections are premature. The sole question before this court is whether such exemplars may be involuntarily obtained for use by the grand jury to assist them in investigating possible violations of federal law. A witness may not impede the collection of evidence by a grand jury, even if the issues he seeks to raise could later be successfully litigated by an indicted defendant. Whatever remedies are available to these witnesses, should they be indicted, with respect to allegedly tainted or inadmissible evidence do not affect the right of the grand jury to collect the evidence it now seeks. *Cf.*, United States ex rel. Rosado v. Flood, 394 F.2d 139, 142 (2nd Cir. 1968).

The petitions requested by the United States Attorney on behalf of the September 1971 Special Grand Jury will therefore be granted, and orders will be entered accordingly.