**Arturo GOMEZ, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 25736.

United States Court of Appeals Fifth Circuit.

Nov. 8, 1968.

Rehearing Denied Dec. 13, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1217.

Maury Maverick, Jr., San Antonio, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen. of Texas, Austin, Tex., Preston H. Dial, Jr., Asst. Dist. Atty., San Antonio, Tex., Crawford Martin, Atty. Gen. of Texas, James E. Barlow, Criminal Dist. Atty., Bexar County, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

**PER CURIAM:**

This appeal is from a judgment denying habeas corpus to a Texas state prisoner. Gomez was convicted of the crime of unlawful possession of narcotics paraphernalia aggravated by a prior conviction for the sale of heroin and his punishment was fixed by the jury at confinement in the state penitentiary for thirty years. The judgment was affirmed by the Court of Criminal Appeals of Texas. Gomez v. State of Texas, 1963, 365 S.W.2d 165. Thereafter the same court, in a carefully considered opinion, denied the prisoner's petition for habeas corpus. Ex parte Gomez, 1965, 389 S.W.2d 308, cert. denied, Gomez v. Texas, 1967, 386 U.S. 937, 87 S.

Ct. 958, 17 L.Ed.2d 810, though Mr. Justice Douglas noted his opinion that certiorari should be granted. Thereafter petition for habeas corpus was filed in the federal district court. The writ was denied without a full evidentiary hearing.

In its order denying the writ, the district court stated that it had considered the record of petitioner's trial, the opinion of the Texas Court of Criminal Appeals affirming the judgment of conviction, the record of petitioner's state habeas corpus application and the opinion of the Texas Court of Criminal Appeals based on that record.[1] After such consideration, the district court stated its own opinion as follows:

"1. The same factual and legal issues here raised were presented to the 175th District Court of the State of Texas and the Texas Court of Criminal Appeals in Ex parte Arturo Gomez and were there decided against petitioner Gomez and reported at 389 S.W.2d 308 (Tex.Ct.Crim.App.1965), cert. denied 386 U.S. 937 [87 S.Ct. 958, 17 L.Ed.2d 810] (1967);

"2. The merits of the factual dispute were resolved in the State Court hearing;

"3. The factfinding procedure employed by the State court was adequate to afford a full and fair hearing;

"4. The material facts were adequately developed at the State court hearing;

"5. The State court had jurisdiction of the subject matter and the person of the applicant in the State Court proceeding;

"6. The applicant was represented in the State court by adequate and competent court appointed counsel;

"7. The applicant received a full, fair, and adequate hearing in the State court proceeding;

"8. The applicant was in all things afforded due process of law in the State court proceeding;

"9. The factual determination and holding of the State court is fairly supported by the record and the applicable law; and

"10. The petitioner ARTURO GOMEZ has failed to overcome the presumption that the determination of the Texas Court of Criminal Appeals in Ex parte Arturo Gomez is correct in accordance with Title 28, United States Code, Section 2254(d)."

The district court expressed its further opinion that "the petition is without merit in fact and in law."

In our opinion the district court properly complied with the teachings of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

After hearing full oral argument and considering the able briefs of counsel in the light of the voluminous record, this court independently finds itself in full agreement with the principles of law as stated in the opinion of the Texas Court of Criminal Appeals subject to the following comment as to the claimed defect in the charge:

The state trial court's charge to the jury has a portion which, read out of context, would appear to be an instruction to find the defendant guilty. No objection was noted by defendant's counsel. Read in context as the law requires,[2] the offensive portion merely instructed the jury as to the form of their verdict if they found that the defendant committed the offense charged, but not the prior offense. The jury could hardly have been misled by the ambiguity to the prejudice of the defendant since they did not use that form of verdict, but a form which was separately charged and which included the prior conviction. The belatedly claimed error in the state court's charge was certainly not so gross as to re-

---

1. Though the district court did not give the petitioner a full evidentiary hearing, the record on this appeal contains 445 typed pages.

2. Boyd v. United States, 1926, 271 U.S. 104, 107, 46 S.Ct. 442, 70 L.Ed. 857.

sult in violation of the Constitution of the United States and thus to require discharge on habeas corpus. 28 U.S.C. § 2254.

Gomez's further contentions are that he was denied effective assistance of counsel; that his purported confession was involuntary; that the confession was given to the jury without a proper preliminary hearing and a finding that it was voluntarily made; that the search warrant was issued without probable cause. The Court of Criminal Appeals of Texas, after a full and adequate evidentiary hearing, found the facts against Gomez on each of these contentions. By the application of sound and correct principles of law, the state court denied him relief. His contentions need not be retried in the federal district court or in this Court.

The judgment is

Affirmed.