James E. McDONALD, Petitioner-Appellant,

v.

The SHERIFF OF PALM BEACH COUNTY, FLORIDA, Respondent-Appellee.

No. 28613

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1970.

Cody Fowler, Tampa, Fla., Carol Crosswell Smith, Palm Beach, Fla., Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., for appellant.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

 The District Court denied James E. McDonald's petition for habeas corpus (filed under 28 U.S.C. § 2254) without an evidentiary hearing. We affirm.[1]

Petitioner was sentenced on July 18, 1969 to serve one year in prison after having been found guilty by a jury in a Florida State Court of conspiracy to obstruct justice. He complains of error by the State Trial Court in failing to give a cautionary instruction to the jury concerning the weight to be given to testimony of an accomplice. His conviction was affirmed on appeal to the Florida Circuit Court of the Fifteenth Judicial District. In that court there was no assignment of error in the failure to give the cautionary instruction. Error was also assigned in the failure of the Florida Fourth District Court of Appeals and the Florida Supreme Court in refusing to grant a writ of certiorari to entertain the alleged error.

The cautionary instruction was not requested by defense counsel at the trial in State Court. This failure by defense counsel does not relieve the court of its obligation to give a cautionary charge where circumstances require it. We have found such circumstances to exist where the prosecution's hope for a conviction hinges solely on the persuasiveness of the accomplice's testimony where that testimony is shown to be unreliable. Tillery v. United States, 5 Cir., 1969, 411 F.2d 644; Williamson v. United States, 5 Cir., 1964, 332 F.2d 123. This, however, is not the case here. Whether or not the accomplice was unreliable is immaterial because evidence of a conspiracy was corroborated by several other witnesses. Consequently, no prejudice to petitioner resulted.

Alleged error pertaining to instructions to a jury does not constitute a basis for habeas corpus relief, unless the error is so gross as to result in violation of petitioner's constitutional rights. See Gomez v. Beto, 5 Cir., 1968, 402 F.2d 766, 767, cert. denied, 394 U.S. 936, 89 S.Ct. 1217, 22 L.Ed.2d 469 (1969). We find no such violation here.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.