**Francis J. HIGGINS, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 28832**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 25, 1970.

Francis J. Higgins, pro se.

Charles Musgrove, J. Terrell Williams, Asst. Atty. Gen., West Palm Beach Fla., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM.

■ This appeal is taken from an order of the district court denying without an evidentiary hearing the petition of a Florida convict for the writ of habeas corpus. We affirm.[1]

Appellant was convicted by a jury and is presently serving a life sentence for armed robbery. In his petition for the writ of habeas corpus filed in the court below, appellant asserted three grounds for relief:

One, a witness for the state testified that appellant at a pretrial line-up replied "No comment" when requested to repeat the words used by one of the perpetrators of the robbery in question. Appellant contends that in allowing such testimony the trial court penalized him for exercising his right against self-incrimination.

■■ The privilege against self-incrimination is not violated by compelling an accused to speak the words allegedly uttered by the robber for purposes of identification. United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149. Thus, appellant's refusal to speak for identification purposes was not an exercise of the privilege against self-incrimination and evidence of his refusal to speak did not violate any constitutional right.

■ Two, appellant contends that the trial court erred in not instructing the jury on the lesser included offense of larceny. Habeas corpus does not lie to set aside a conviction on the basis of improper jury instructions unless the impropriety is a clear denial of due process so as to render the trial fundamentally unfair. McDonald v. Sheriff of Palm Beach, Florida, 5 Cir., 1970, 422 F.2d 839, Murphy v. Beto, 5 Cir., 1969, 416 F. 2d 98; Gomez v. Beto, 5 Cir., 1968, 402 F.2d 766. Here, there was no request for such an instruction. The trial judge's failure to instruct on the lesser offense of larceny, under the circumstances of this case, did not deny appellant a fair trial.

■ Three, appellant contends that the prosecuting attorney made a prejudicial statement to the jury during closing arguments. It appears from the record that no objection was made to this statement at the time of trial. Even assuming objection, we conclude that the statement complained of did not rise to the level of a denial of due process when considered in light of the evidence adduced against appellant.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.