**Rudolph Jerome AUSTIN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 28860**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 28, 1970.

Rudolph Jerome Austin, pro se.

Earl Faircloth, State Atty. Gen. of Fla., Tallahassee, Fla. Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526, Part I.

Rudolph Jerome Austin appeals from the denial of his petition for habeas corpus by the district court. We affirm.

The petitioner-appellant is serving a life sentence for rape. In 1962 he was found guilty by a jury in the Fifteenth Judicial Circuit Court of Palm Beach, Florida. Austin did not take a direct appeal. He has, however, exhausted all his available state post-conviction remedies. 28 U.S.C. § 2254(b).

First, the petition contends that an inculpatory admission attributed to him was not actually made by him, and that it was admitted into evidence without a prior judicial determination of its admissibility. *See* Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In his prior habeas petition, in which he made the same contention, the district court ruled in favor of Austin and ordered the state trial court to conduct a full evidentiary hearing to determine the voluntariness of this extra-judicial statement. The hearing was held on September 29, 1969. Austin was present and testified and was represented by court-appointed counsel. The state court held that after having been fully advised of his constitutional rights, the appellant's admission that he had sexual intercourse with the prosecutrix was voluntary.

 The district court, without holding an evidentiary hearing, held that the appellant had been afforded a full, fair and adequate hearing in the state court and accepted that court's findings as determinative of the Jackson v. Denno factual issue. 28 U.S.C. § 2254(d). *See* Higgins v. Wainwright, 5 Cir. 1970, 424 F.2d 177 [1970]. We have carefully examined the transcript of the state hearing, as well as the trial transcript. We find no error in the court's accepting as true the testimony of the state's witnesses rather than that of the appellant. Kimbrough v. Beto, 5 Cir., 412 F.2d 981; Calloway v. Wainwright, 5 Cir. 1969, 409 F.2d 59, cert. denied, 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222.

Austin also alleges that officers Slattery and Case, who testified as to his inculpatory statement, offered perjured testimony against him. The district court held that this allegation was litigated in Austin's previous federal habeas proceedings. The record in the prior case, however, shows that there the appellant complained of testimony of a police officer named McPhail. The district court therefore erred in holding that the ground was previously adjudicated and in denying relief based on 28 U.S.C. § 2254(d).

Austin alleges that Officers Slattery and Case perjured themselves in that they testified falsely as to his oral admission. This issue was expressly resolved by the state trial court upon the Jackson v. Denno hearing. The district court and this Court's decision in upholding the state judge's determination of the facts is dispositive of the merits of the perjury allegation.

 Austin alleges that his retained counsel suppressed evidence favorable to him. The attorney allegedly refused to bring into court from his office some "play money". Austin testified at his trial that he had offered the prosecutrix ten dollars if she would have intercourse with him; that she accepted but he gave her play money. This, so he said, made the woman angry, and resulted in her accusing him of rape. The prosecutrix testified that she was raped, after which the appellant offered her money if she would not report the incident to the police. She refused. The record shows that the prosecutrix complained of being raped as soon as she returned to her home.

The district court held that this allegation is properly characterized as a contention that he was denied effective assistance of counsel. The entire trial transcript refutes this contention. The district court held that Austin "was well represented by competent trial counsel". We agree.

 Finally, the petitioner contends that the trial court erred in refusing to instruct the jury as to the lesser offenses of attempted rape, aggravated assault, and assault and battery. The court did instruct on the lesser included offense of

assault with intent to commit rape. The district court held that this contention is one which Austin should have urged upon direct appeal and that it does not constitute grounds for federal habeas corpus relief.

We hold that, as a matter of law, the alleged error was not so gross as to result in the denial of the appellant's constitutional rights. See Higgins v. Wainwright, 5 Cir. 1970, 424 F.2d 177 [1970]; McDonald v. Sheriff of Palm Beach, Florida, 5 Cir. 1970, 422 F.2d 839 [1970]; Murphy v. Beto, 5 Cir. 1969, 416 F.2d 98; Gomez v. Beto, 5 Cir. 1968, 402 F.2d 766.

The judgment of the district court is affirmed.