Thomas B. MECHLING

v.

A. E. SLAYTON, Jr., Superintendent,
Virginia State Penitentiary.

Civ. A. No. 220–73–R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 2, 1973.

George A. Fath, Alexandria, Va., for plaintiff.

Gilbert W. Haith, Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

MEMORANDUM

MERHIGE, District Judge.

Thomas B. Mechling, a Virginia prisoner, seeks habeas corpus relief from a conviction before the Corporation Court of the City of Alexandria on three counts of embezzlement. Jurisdiction is attained pursuant to 28 U.S.C. § 2254. The parties are presently before the Court pursuant to respondent's motion for judgment on the pleadings. The state court records have been forwarded to the Court, and it is upon same and the pleadings before it that the Court finds this matter ripe for disposition. All claims herein presented but one have been heretofore raised before the Supreme Court of Virginia so that said

claims are ready for disposition on the merits.[1]

Petitioner's claims at § 14(a) of the petition which challenge alleged denials of due process, may be summarized as follows:

1) The indictment carves out three crimes in an allegedly arbitrary manner when in fact, only one continuing criminal transaction was in issue with the result of exposing petitioner to multiple punishment.

2) The statutes involved are unconstitutional by reason of vagueness and ambiguity.

3) Procedural errors and deficiencies resulted in an unfair trial.

These allegations will be considered *in seriatim.*

## I. The Indictment

Virginia Code § 19.1–168 reads in pertinent part as follows:

§ 19.1–168. Charging several acts of embezzlement; description of money. —In a prosecution against a person accused of embezzling or fraudulently converting to his own use bullion, money, bank notes or other security for money it shall be lawful in the same indictment or accusation to charge and thereon to proceed against the accused for any number of distinct acts of such embezzlements or fraudulent conversions which may have been committed by him within six months from the first to the last of the acts charged in the indictment;

■ Pursuant to the six-months provision of this section, the indictment charged Mechling with embezzling $29,255 between 7/20/70 and 12/31/70 in Count I; $53,800 between 1/1/71 and 6/30/71 in Count II; and $10,600 between 7/1/71 and 11/1/71 in Count III, all in violation of Virginia Code § 18.1–109. Petitioner was convicted on all three counts. He claims here that, be-cause the embezzlement was a continuing crime, conviction of three separate crimes violated due process by virtue of the fact that "naming the charges in this way suggested a multiplication of punishment."

The Court is not aware of any case directly on point, but application of familiar principles prompts the conclusion that petitioner's first claim is without merit. The Court is satisfied that the Commonwealth, had it chosen to do so, might have charged Mechling upon a multi-count indictment with each count corresponding to a separate defalcation. See generally, Rakes v. United States, 169 F.2d 739 (4th Cir. 1948); Williams v. United States, 151 F.2d 736 (4th Cir. 1945); Dranow v. United States, 307 F. 2d 545 (8th Cir. 1962). Of course conviction on each count requires proof of the appropriate elements of the respective crimes. In this matter the alleged embezzlement was effected by the use of numerous bank withdrawal slips representing 204 separate defalcations. Had the Commonwealth therefore elected to do so, it may have indicted petitioner upon 204 counts, seeking to prove each separately.

■■ Section § 19.1–168 is upon its face consistent with this general principle. It allows the prosecutor to proceed against an accused for "any number of distinct acts of such embezzlements" as may have been committed within a six month period. The thrust of this section, therefore, is to allow joinder under one charge of separate crimes committed within the specified period where said joinder, absent statutory authority, possibly might run afoul of the rule of duplicity of charges. The rule of duplicity prohibits the simultaneous charging of several *unrelated* crimes in one indictment. See Cataneo v. United States, 167 F.2d 820 (4th Circuit 1948); Rakes v. United States, *supra,* 169 F.2d at 743. Pursuant to § 19.1–168, distinct acts of

---

1. Petitioner's claim at § 14B of the petition of denial of equal protection is, by petitioner's admission, raised here for the first time. It shall be dismissed without prejudice for failure to exhaust. 28 U.S. C. § 2254(b).

embezzlement for a six month period are "related," such that they may be grouped together under one charge.

In this context petitioner's claim that an indictment of three counts was unconstitutionally "multiplicative" is without merit.

## II. The Statutory Scheme

██ Mechling argues that Va.Code §§ 18.1–109 and 19.1–168 taken together are "so vague and ambiguous that accused, prosecution, judge and jury must guess at their meaning." The gravamen of this allegation is that if each defalcation may be treated as an embezzlement, which petitioner argues as well may not be done, then the maximum potential penalty here, as each embezzlement may be punished by 20 years confinement, is 4,080 years for 204 embezzlements. The Commonwealth's position is that embezzlement may be prosecuted in one of three ways:

1) Each defalcation may be treated as a separate crime.

2) The defalcations may be grouped in 6 month intervals, each period representing a separate crime.

3) The entire series of defalcations may be treated as one single crime of a continuing nature.

For the reasons heretofore stated, the Court is satisfied that each alternative does not *per se* violate due process. The question, therefore, is whether the scheme taken as a whole violates due process.[2]

█ The general rule is that the scope of review of a challenged indictment in federal courts upon habeas corpus proceedings is confined to the questions of whether the alleged defects go to the jurisdiction of the trial court or deprive the defendant of the right to be sufficiently informed of the charges against him. Carson v. North Carolina, No. 13,535, Mem. dec. (4th Cir. 1970). Only the latter inquiry, in essence, is called for here. Said inquiry does not, at this stage, call for an examination of whether the tripartite scheme asserted by the prosecutor is valid for that at most would state a question of interpretation of state criminal law and abuse of prosecutional discretion.[3] The sole question for these purposes in whether Mechling was fairly apprised of the charges against him.

█ The record before the Court shows that on January 7, 1972 Mechling filed a motion to require an election of statutes pursuant to § 18.1–109. This was followed by a motion for a bill of particulars on February 29, 1972. An order of the trial court entered March 6, 1972 granted the motion *inter alia* with respect to a statement of the specific acts of embezzlement and a "specific statement of the embezzlement upon which the Commonwealth intends to rely for conviction." The Commonwealth filed its Bill of Particulars on March 10, 1972. Further, the trial court instructed the jury that:

"a charge of distinct acts of embezzlement or fraudulent conversions which may have been committed by the accused within six (6) months from the first to last of the acts charged, charges a continuous plan or scheme and a single offense of embezzlement." Instruction No. 6.

The evidence satisfies the Court that both Mechling and the jury were fairly and adequately apprised of the nature of the charges alleged. The Court having reached that conclusion, further inquiry is barred.

---

2. Mechling contended at the state level that § 18.1–109, defining embezzlement, is by itself vague. That contention is not raised here. However, were it pursued here, it would in any case be without merit. "Statutes are not read in isolation where there exists a judicial gloss on their meaning". Carson v. North Carolina, *infra.* The section in question and its predecessor, have received ample definition from the Virginia Supreme Court. *See* e. g. Whitlow v. Commonwealth, 184 Va. 910, 37 S.E.2d 18 (1946).

3. See discussion, note 2 *infra.*

774

III. Procedural Errors and Deficiencies

Mechling alleges the following errors and deficiencies in connection with the conduct of the trial:

1) The prosecution "concealed the fact that it possessed corporate minutes of the complainant, and led court and jury to believe that the original minutes were lost."

2) Numerous specified and unspecified alleged errors in conduct by the prosecutor and judge are argued.

 The first allegation, if proven, appears to state a constitutional violation under the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963). However, scrutiny of Mechling's position as presented in his brief upon appeal reveals that the gravamen of this allegation is that the prosecutor failed to tender the evidence in a proper manner, not that the minutes were concealed and withheld from the petitioner. Petitioner did in fact have a copy of said minutes himself.

 The remaining allegations concern numerous specified and unspecified alleged procedural errors and instances of alleged improper conduct. The general rule is that conduct of state prosecutors which, it is contended, was unfair and prejudicial, has been held not to state a constitutional violation cognizable on federal habeas corpus. See Buchalter v. New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943); Manuel v. Cox, CA 549–71–R (E.D.Va.1973). Inquiry at this stage will only be made to determine whether said conduct denied petitioner "a fair trial within the meaning of the due process clause of the Fourteenth Amendment", keeping in mind that under the rule of *Buchalter*, *supra*, the standard is a strict one requiring more than a mere showing of unfairness or prejudice under state rules of criminal law. United States v. Fay, 350 F.2d 400 (2d Cir. 1965). Similarly, alleged misconduct by a state trial judge reaches the level of a constitutional deprivation only when the guise of impartiality incumbent upon his function is destroyed, thereby demolishing the defendant's "credibility, his presumption of innocence, and any chance whether guilty or innocent, that he had of a successful defense . . ." United States v. Lanham, 416 F.2d 1140, 1144 (5th Cir. 1969); Manuel v. Cox, *supra*.

Within the context of the letter and spirit of these general principles, individual discussion of each of the assignments of error is both inappropriate and unnecessary. The Court has carefully scrutinized the trial transcript with particular respect to the alleged errors and concludes that taken as a whole it cannot be said that Mechling's rights to due process were violated. To the contrary, the Court affirmatively finds that the trial was eminently fair.

For the aforestated reasons, summary judgment will be granted for the respondent and the petition will be dismissed.

An appropriate order shall issue.