UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles D. STAPLETON,
Defendant-Appellant.

No. 73-2304.

United States Court of Appeals,
Ninth Circuit.

April 11, 1974.

Rehearing Denied July 11, 1974.

Ralph C. Larsen, Gardena, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Jerry L. Newton, Asst. U. S. Attys., for plaintiff-appellee.

Before DUNIWAY, CARTER and WRIGHT, Circuit Judges.

OPINION

DUNIWAY, Circuit Judge:

This case presents an unusual question under the double jeopardy clause of the Fifth Amendment. In 1969, Stapleton was convicted under six counts of an indictment charging violations of 18 U. S.C. §§ 371, 472 and 473. He appealed, and we remanded the case. Our order read as follows:

> The government concedes because of government error that the defendant is entitled to a new trial.

> The cause is remanded to the district court with authority to entertain a motion from defendant for a new trial, which, in the circumstances here, should be granted.

When he appeared before the district court, however, Stapleton did not move for a new trial. The following colloquy occurred:

> "THE COURT: It is a rather strange order from the Ninth Circuit. In the light of this order it seems to say that the defendant is entitled to a new trial and the Court will order a new trial and I will set it down for trial setting.

MR. LEE [attorney for Stapleton]: Your Honor, if I may just for clarification, let the record show that this is on the Court's own motion and over the objection of the defendant.

THE COURT: Yes."

This appeal is from a conviction at the new trial that had thus been ordered by the trial judge.

We are forced to agree that our order is "rather strange." It does not reverse or vacate the judgment. It might be construed to mean that the district court need not have granted a new trial if the defendant did not move for a new trial. In that case, Stapleton would have still stood convicted under the first judgment. That, however, is not the result that he was after when he appealed. We are confident that, when he refused to move for a new trial, he was not seeking to preserve the original judgment. He was simply making a record to preserve a double jeopardy claim when the court granted the new trial. We think that the proper construction of our order is that we wanted a new trial granted, and, instead of ordering one ourselves, instructed the trial court to do so.

■ There is no doubt that jeopardy attached when Stapleton was first tried. However, a defendant who appeals and is found entitled to a new trial has waived his right to claim double jeopardy at the second trial. *See, e. g.,* United States v. Ball, 1896, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300; United States v. Jorn, 1971, 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543. It does not matter that the decision is based on the government's confession of error, rather than on independent finding of error by the appellate court. Stroud v. United States, 1919, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103. There, a conviction was reversed on appeal, on the basis of a confession of error. The Court said:

[T]he conviction and sentence upon the former trials were reversed upon writs of error sued out by the plaintiff in error. The only thing the appellate court could do was to award a new trial on finding error in the proceeding, thus the plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution. *Id.* at 18, 40 S.Ct. at 51.

■ Our order was made in response to Stapleton's appeal from his first conviction. In spite of the form of our order, the only way to eliminate the error confessed by the government was to grant a new trial. That is the gist of what we said, although we did not order a new trial. The principle of *Stroud* is equally applicable here.[1] There was no double jeopardy at the second trial.

■ Stapleton's second claim of error is without merit. The trial was by the court. Seven exhibits had been produced by the government and marked for identification. There was extensive testimony about each of them, but they were not formally offered or received in evidence. Nonetheless, both parties, and the judge, acted as if they were in evidence, and the judge relied upon them in finding Stapleton guilty. When the parties rested, defense counsel raised no question about the exhibits not being in evidence. Thus the exhibits had in fact been admitted. After the judge made his decision, and at the time when Stapleton appeared for sentencing, the government asked the judge to reopen the case to permit the government to move that the exhibits be admitted. The court granted the motion and formally

---

1. A different problem would be presented if Stapleton had not appealed and the trial judge had ordered a new trial on his own motion, over Stapleton's objection. See cases cited in 8A J. Moore, Federal Practice ¶ 33.02[1] at 33–4–33–5 (1973) and 2 C. Wright, Federal Practice and Procedure § 551 at 483 (1969). The Supreme Court has not ruled on this question. *See* United States v. Smith (1947) 331 U.S. 469, 474–475, 67 S.Ct. 1330, 91 L.Ed. 1610. We express no opinion on it.

admitted the exhibits. This was, in substance, a mere correction of the record to show what actually happened. Stapleton was not prejudiced.

Affirmed.