**Epifanio G. ALVAREZ,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 75–2856.

United States Court of Appeals,
Fifth Circuit.

May 24, 1976.

Rehearing and Rehearing En Banc
Denied June 23, 1976.

Epifanio G. Alvarez, pro se.

H. Douglas Lavcock (Court-appointed), Austin, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Paul R. Gavia, Ben M. Harrison, Asst. Attys. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Chief, Enforcement Div., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before TUTTLE, THORNBERRY and TJOFLAT, Circuit Judges.

THORNBERRY, Circuit Judge:

The United States District Court for the Western District of Texas denied appellant Alvarez's application for writ of habeas corpus under 28 U.S.C. § 2254.

Alvarez was originally charged in a two count indictment with possession and sale of heroin. The prosecution abandoned the possession count of the indictment and the case was submitted to the jury on the sale

count. The jury returned a verdict of guilty. At the penalty stage of the trial the jury found that Alvarez had been convicted of two previous felonies; consequently, he was sentenced to an automatic life sentence pursuant to Article 63 of the former Texas Penal Code. Article 63, V.A.P.C. On appeal, the Texas Court of Criminal Appeals reversed and remanded the judgment of the trial court. 472 S.W.2d 762, 765 (Tex.Crim. App.1971). Subsequently, Alvarez was re-indicted, tried, and convicted of selling heroin in Cause No. 71–2451. The conviction resulting from the second trial was affirmed by the Texas Court of Criminal Appeals in an unpublished opinion. *Epifanio G. Alvarez v. The State of Texas,* No. 48,-618.

Alvarez raises the following issues in this appeal: (1) whether his retrial for sale of heroin after a successful appeal before the Texas Court of Criminal Appeals amounted to double jeopardy; (2) whether the trial court proceeding was fundamentally unfair because the jury was not instructed concerning circumstantial evidence, intent, knowledge, culpability, and other elements of the theory of guilt with which he was charged; (3) whether the prosecutor's final argument in the trial court was fundamentally unfair; (4) whether the cumulative effect of all the errors in his second trial made that trial fundamentally unfair; and (5) whether he was denied effective assistance of counsel if his attorney in the trial court waived any error which rendered his trial fundamentally unfair. Only the first three issues merit a response from the court.

## I.

The essence of Alvarez's first contention is that in his first appeal to the Texas Court of Criminal Appeals, that court reversed his *sentence* because the indictment did not properly support a sentence under Article 63, V.A.P.C., and his subsequent retrial for sale of heroin violated the double jeopardy clause. In other words, Alvarez believes that he should not have been retried for

sale of heroin because his appeal was not directed at any error in the proceedings which led to his *conviction* in the first trial.

In this regard, the State of Texas argues that Alvarez waived any right to claim that his second conviction was barred by the double jeopardy clause because he failed to timely file a written plea of double jeopardy as required by Article 27.05 of the Texas Code of Criminal Procedure. Article 27.05, V.A.C.C.P. We disagree. Although the Texas Court of Criminal Appeals held that Alvarez's failure to plead former jeopardy in the second trial constituted a waiver, the United States Supreme Court in *Faye v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), held that a state court's finding of waiver does not bar an independent determination of the question by a federal court on habeas corpus:

> Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver affecting federal rights is a federal question. (citations omitted)

372 U.S. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869. The Supreme Court in *Faye v. Noia, supra,* also indicated that a habeas applicant will only be held to have waived a federal claim if the waiver was made "understandingly and knowingly":

> If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. (citations omitted)

372 U.S. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869. After examining the record in Alva-

rez's second trial, we do not think it can be said that he " . . . understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts . . . " 372 U.S. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869. Accordingly, we hold that the claim of double jeopardy is properly before this court.

A resolution of Alvarez's double jeopardy claim depends upon the proper interpretation to be given to the opinion of the Texas Court of Criminal Appeals in his first appeal to that court. *Alvarez v. State of Texas, supra.* After reading the opinion numerous times, we are convinced that the conviction in question was reversed and remanded because the indictment was insufficient on its face, and that the Texas Court of Criminal Appeals did not limit its remand to the sentence assessed against Alvarez.

The first count of the indictment charged Alvarez with possession of heroin while the second count charged him with sale of heroin. The third and fourth paragraphs of the indictment alleged two prior convictions[1] for the purpose of enhancement under Article 63, V.A.P.C.; however, the allegations relating to the 1965 conviction for assault and murder did not refer to the primary offense charged in the second paragraph of the indictment, and the allegations relating to the 1960 conviction for forgery failed to state that such conviction was a final conviction prior to the commission of and conviction for the 1965 offense. *See Rogers v. State,* 168 Tex.Cr.R. 306, 325 S.W.2d 697, 698 (Tex.Crim.App.1959).

The following quotation in the opinion of the Court of Criminal Appeals indicates intention to reverse Alvarez's *conviction,* not merely his *sentence* :

"Thus, where the indictment is in such form that a legal *judgment* of guilty cannot be based on it, an objection thereto on appeal is timely; the appellate court may, in such circumstances, reverse the judgment on its own motion." (emphasis added) 5 Tex.Jur.2d, Appeal and Error— Criminal Cases, Sec. 32, p. 54.

472 S.W.2d at 765. Similarly, the last line of the opinion supports the State's contention that the conviction, as well as the life sentence under Article 63 was reversed and remanded.[2]

Since the double jeopardy clause was not intended to prevent the retrial of a criminal defendant after a successful appeal,[3] Alvarez's claim in this regard is without merit.

## II.

Alvarez's second contention is that the trial court proceeding was fundamentally unfair because the jury was not instructed concerning circumstantial evidence, intent, knowledge, and culpability.

Before a federal court acting under its federal habeas corpus jurisdiction may consider an alleged error in a state trial court's unobjected to charge, the error must be so gross as to result in a constitutional violation, *Gomez v. Beto,* 402 F.2d 766, 767 (5 Cir. 1968), *cert. denied,* 394 U.S. 936, 89 S.Ct. 1217, 22 L.Ed.2d 469 (1969), or so prejudicial as to render the trial fundamentally unfair. *Pleas v. Wainwright,* 441 F.2d 56, 57 (5 Cir. 1971); *Higgins v. Wainwright,* 424 F.2d 177, 178 (5 Cir. 1970); *Flagler v. Wainwright,* 423 F.2d 1359 (5 Cir. 1970); *McDonald v. Sheriff of Palm Beach County, Florida,* 422 F.2d 839 (5 Cir. 1970). Since the State's case against Alvarez was

---

1. The third paragraph of the indictment alleged that appellant was convicted in 1965 of assault with intent to commit murder with malice; the fourth paragraph alleged that appellant had been convicted of forgery in 1960.

2. "For the reasons stated, the *judgment* is reversed and remanded." (emphasis added) 472 S.W.2d at 765.

3. *E. g., United States v. Stapleton,* 494 F.2d 1269 (9 Cir. 1974), *cert. denied,* 419 U.S. 1002, 95 S.Ct. 321, 42 L.Ed.2d 277 (1974), " . . . a defendant who appeals and is found entitled to a new trial has waived his right to claim double jeopardy at the second trial." 494 F.2d at 1270, *citing United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

based upon direct, and not circumstantial evidence,[4] we feel that the failure of the trial court to give an instruction on circumstantial evidence was not an error which amounted to a constitutional deprivation or which rendered Alvarez's second trial fundamentally unfair.

### III.

Alvarez's third contention is directed toward allegedly improper jury argument by the prosecutor in the second trial.

> Mr. Conaway [prosecutor]: From the evidence, from all the evidence in this case, this is a big boy, big guy. You heard what he told the officer. "I can get you any amount that you want." Do you realize what a pound of heroin is worth? Do you understand that? Do you understand how big a dealer this one is? Why do you think I'm here talking to you about him after 1969 till now? A lot of time has passed. Why? Ask yourselves that. There is an answer to it. It has been going on from 1969, whenever he bought that heroin, till today, whenever I finally get him to court? Ask yourselves that.

> \* \* \* \* \* \*

> Mr. Conaway: Do you believe that poor Epifanio, who is not collecting his Workman's Compensation, and seeking gainful employment as a bartender had nothing to do with heroin distribution going out of that place? If you believe that, turn him loose. That's all right with me, but you'll have to live here too. If you let him go, then he will be peddling heroin this afternoon.

*Epifanio G. Alvarez v. State of Texas,* No. 48,618 at 5. Improper jury argument by the prosecution does not present a claim of constitutional magnitude which is cognizable in a proceeding under 28 U.S.C. § 2254 unless such argument is so prejudicial that the applicant's state court trial was rendered fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *Marlin v. State of Florida,* 489 F.2d 702 (5 Cir. 1973); *Mechling v. Slayton,* 361 F.Supp. 770, 774 (E.D.Va.1973), *citing Buchalter v. New York,* 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943).

The Texas Court of Criminal Appeals held, and we think correctly, that the reference to appellant as being a big pusher and dealer in heroin was not improper under Texas law, since it was a reasonable deduction from the testimony of Officer Bessent.[5] *Bourg v. State,* 484 S.W.2d 724 (Tex.Crim.App.1972); *Verret v. State,* 470 S.W.2d 883, 886 (Tex.Crim.App.1971).

It does appear that the second remark objected to may have been improper since it implied that Alvarez was trying to frustrate the judicial process; however, we do not feel that this single remark, when considered in the context of the entire trial, rendered the proceedings fundamentally unfair. *Marlin v. State of Florida, supra ; Mechling v. Slayton, supra.*

Accordingly, the district court's denial of appellant's application under 28 U.S.C. § 2254 is affirmed.

AFFIRMED.

---

4. Officer Bessent, an undercover agent with the Narcotics Section of the Texas Department of Public Safety, testified that he purchased heroin from Alvarez on two separate occasions. *Alvarez v. State of Texas, supra* at 3–4.

5. Officer Bessent testified that appellant told him that he had a large supply of heroin, and that his buyers came from major cities throughout the country to buy high-grade heroin from him. *Alvarez v. State of Texas, supra* at 5.