**John Albert HEFFELFINGER, IV**

v.

**Vinson THOMPSON, Warden, Tennessee State Prison.**

**Civ. No. 3–77–351.**

United States District Court, E. D. Tennessee, N. D.

Oct. 27, 1977.

John Heffelfinger, pro se.

Robert L. Delaney, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action by petitioner to review, pursuant to 28 U.S.C. § 2254, his conviction on a state charge of rape. Before the Court is a motion to dismiss or in the alternative for summary judgment filed by the State of Tennessee.

Petitioner raises three claims of constitutional violations. Petitioner's first claim is that two statements by the State's Attorney in closing argument were so prejudicial as to violate petitioner's right to due process. The comments complained of by petitioner are the following:

"How much punishment does a person who commits these acts, with so little regard to everything about another human being, just the punishment element of the criminal penalty, should justify a tremendous number of years in this case.

. . . .

"But that is not the only purpose of the criminal punishment. Another purpose of it particularly in Heinous cases like rape, by that I mean one of the most terrible events, is to protect society from the person who has committed the crime. And how long do you, ladies and gentlemen, want him to be locked up. . . .

"How much of an example do you want to set to other people who might be tempted to do this. . . ." (Tr. 325–26).

"Mr. McDavid accuses me of being after this man. I am, I don't deny that. I will tell you one thing if it were my daughter, and she doesn't have a daddy, but if it were my daughter you would be trying me instead of him. Whatever she had done previously . . . I ask you for another reason. I want to protect your daughter, your granddaughter, and the daughters and granddaughters all over this United States, for apparently he roamed the United States. That is why. . . ." (Tr. 353).

In regard to the first statement, there is no constitutional prohibition against references during argument to the deterrence function of criminal law. *See United States v. Ramos*, 268 F.2d 878, 880 (2d Cir. 1959). It must also be remembered that under Tennessee procedure, the jury determines the punishment.

The Court does not vouch for the propriety of the second comment by the State's Attorney. However, the standard on review of jury argument under 28 U.S.C. § 2254 is whether the argument in question was so prejudicial as to render the petitioner's state court trial fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *Alvarez v. Estelle*, 531 F.2d 1319, 1323 (5th Cir. 1976). Given the rest of the argument by the State's Attorney, plus the overwhelming evidence against the petitioner, neither of these isolated remarks can be said to have so affected the proceedings. Cf. *United States v. Ramos, supra; Alvarez v. Estelle, supra.*

Petitioner's second claim of error is that the State's Attorney violated the peti-

tioner's Fifth Amendment rights by making a comment to the jury which allegedly referred to petitioner's decision not to testify on his own behalf. The full context of the remark was as follows:

"MR. CRAWFORD: . . . Ladies and gentlemen I apologize for talking as long as I have, You have heard the evidence in this case. There has been no evidence with the except (sic) of a few exhibits offered by defense counsel in this case.

"MR. McDAVID: Another objection Your Honor, that is improper to comment on that.

"THE COURT: I instruct you that . . . .

"MR. CRAWFORD: Your Honor I am not going any further than that.

"THE COURT: . . . the defendant does not have to offer any proof of any kind, ladies and gentlemen. The burden of proving the case beyond a reasonable doubt is on the defendant, the defendant does not have to testify. The fact that he does not testify can not be used against him. It is for you to take the evidence adduced from the witness stand and the law as given to you by the Court and decide the case upon that and that alone, with out regard to the fact that he did not testify and did not offer any evidence. He was under no obligation to do so.

"MR. DEATHERAGE: I believe the context of what Your Honor said is good but I believe Your Honor said the burden is on the defendant, and I know you meant on the State.

"THE COURT: On the State of Tennessee. On the State of Tennessee. The burden of proof is on the State of Tennessee, the defendant has no burden.

"MR. CRAWFORD: . . . All that I am saying to you, and I am not trying to tell you anything else otherwise than that the State has the burden beyond a reasonable doubt. But the defense has the opportunity to offer you a few doubts, and they have offered you. . . .

"MR. McDAVID: Renew our objection Your Honor.

"THE COURT: Overrule your objection. But I think you have gone far enough, Mr. Crawford on that aspect of it. Don't go any further.

"MR. CRAWFORD: But I haven't been able to get to the point I am trying to make.

"THE COURT: That is as far as you can go.

"MR. CRAWFORD: What I am trying to say, may it please the Court, and Counsel and Ladies and Gentlemen of the Jury, is that nothing has contradicted the evidence the State has put on before you.

"MR. McDAVID: Let my objection be renewed, continued.

"THE COURT: Overruled." (Tr. 326–27).

The Court does not feel that the language of the State's Attorney

"was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."

*Knowles v. United States,* 224 F.2d 168, 170 (10th Cir. 1955). It appears instead that the comment was a proper reference to the uncontradicted evidence presented by the State. *See Edwards v. Patterson,* 249 F.Supp. 311 (D.Colo.1965). In any event, even if the comment is considered to have been a reference to the petitioner's failure to testify, the trial court's immediate instruction to the jury would certainly have cured any resulting prejudice. *See Lussier v. Gunter,* 552 F.2d 385 (1st Cir. 1977).

Petitioner's final claim of error concerns the admission by the trial court of a written statement by the prosecutrix to Roane County law enforcement officials. The petitioner alleges that the introduction of the seven-page statement containing details of the rape was so prejudicial as to constitute a denial of due process.

The Tennessee Court of Criminal Appeals held that the admission of this statement was harmless error. *Heffelfinger v. State of Tennessee,* No. 55 (Ct.Crim.App. July 10,

**312**

1975). State law governs the admission of this evidence unless the admission violated a specific constitutional prohibition or due process of law. *See Hogan v. State of Nebraska*, 535 F.2d 458 (8th Cir. 1976).

The Court is of the opinion that petitioner could not have suffered any significant prejudice from the introduction of this statement. It is undisputed that the written statement did not differ in any material way from the testimony of the prosecutrix at trial. Furthermore, many of the details presented in both the statement and testimony were corroborated by other witnesses. The statement was merely cumulative of other evidence and as such was not so prejudicial as to constitute a denial of due process of law.

It is, therefore, ORDERED that defendant's motion to dismiss or in the alternative for summary judgment be, and the same hereby is, granted.

Order Accordingly.