967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Lewis DIXIE, II, Petitioner-Appellant,
v.
Eddie YLST, Supt., et al, Respondent-Appellee.
 No. 91-55215.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided June 22, 1992.
 
 Before JAMES R. BROWNING AND FARRIS, Circuit Judges, and CAULFIELD** District Judge, sitting by designation.
 MEMORANDUM***
 Following a jury trial, petitioner was found guilty of second degree murder. The jury also found petitioner used a firearm during the offense. Petitioner was sentenced to the state prison for 15 years to life plus two years for the weapon allegation.
 Petitioner filed a petition for writ of habeas corpus in the Central District of California contending that the evidence at trial was sufficient to establish a conviction of manslaughter, but not second degree murder. Petitioner also claims that he was prejudiced with respect to various jury instructions. On December 27, 1990, the district court entered judgment dismissing the petition on the merits. We affirm.
 Facts
 Petitioner and victim had been drinking on the night of the offense. A fight ensued over a bottle of wine, and the victim struck the defendant in the face with her fist. Petitioner immediately left the kitchen and returned carrying a rifle which he fired once and followed the victim into the kitchen. Once in the kitchen, after being taunted by the victim, petitioner fired a shot into the floor. Then petitioner, stating "I got it aimed at your heart," pulled the trigger and fatally wounded the victim in the chest.
 Petitioner left the scene and claims he went to the nearest hospital after telling his friends to call "911." Petitioner turned himself into the police the following morning.
 DISCUSSION
 The district court's decision to deny a petition for a writ of habeas corpus is reviewed de novo. Barker v. Estelle, 913 F.2d 1433, 1437 (9th Cir.1990), cert. denied, 111 S.Ct. 2050 (1991). However, the district court's factual findings are presumed correct unless "clearly erroneous." Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987).
 1. Substantial Evidence Regarding Murder Conviction
 Habeas relief may be granted "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791-92 (1979). Petitioner contends that the evidence is insufficient to support a conviction of second degree murder, but adequate to support a conviction of manslaughter. Under California law, the element of malice differentiates murder from manslaughter. Malice is express when the evidence shows a deliberate intent unlawfully to kill, Cal.Pen.Code § 188; People v. Summers, 147 Cal.App.3d 180, 184, 195 Cal.Rptr. 21 (1983), and implied when one does an act with a high probability it will result in death and does it with a base antisocial motive and with a wanton disregard for human life. People v. James, 196 Cal.App.3d 272, 290, 241 Cal.Rptr. 691 (1987).
 There was sufficient evidence for the jury to have reasonably found beyond a reasonable doubt that petitioner possessed the requisite intent for murder--malice. After a verbal altercation, the victim struck the defendant in the face with her fist. Petitioner immediately left the kitchen and returned carrying a rifle which he fired once and then followed the victim into the kitchen. Once in the kitchen, after being taunted by the victim, petitioner fired a shot into the floor. Then petitioner, stating "I got it aimed at your heart," pulled the trigger and fatally wounded the victim in the chest. Petitioner claims that he only intended to "shake [the victim] up," but that the rifle jammed and was fired in an attempt to "unjam" it.
 In order to negate malice, and reduce the charge to manslaughter, there must be sufficient provocation that an average person would have been provoked to kill, see People v. Summers, 147 Cal.App.3d at 184, or evidence of an honest but unreasonable belief in the necessity to defend against imminent peril of life or great bodily injury. People v. Van Ronk, 171 Cal.App.3d 818, 823, 217 Cal.Rptr. 581, 584 (1985) (citing People v. Flannel, 25 Cal.3d 668, 674-680, 160 Cal.Rptr. 84, 603 P.2d 1 (1979)). The provocation in this instance was minor and involved a fight over a bottle of wine. As for unreasonable self-defense, petitioner states in his petition that the victim had a knife, but the record indicates no evidence supporting this claim. The victim did strike petitioner with her fist. The jury was instructed on both heat-of-passion and imperfect self-defense.
 Although there was some evidence to support manslaughter, there was also more than sufficient evidence to support the conviction of second degree murder. Moreover, petitioner's contention that the court permitted the state to emphasize the element of malice rather than the elements and evidence negating malice in violation of his rights is without merit. The prosecution is not required to put on a defense for petitioner.
 
 2. Felony-Murder Rule
 
 1
 Petitioner also appears to argue that the felony-murder rule was improperly applied. Although petitioner correctly recites the principle that assault with a deadly weapon cannot serve as a basis for application of the felony-murder rule, People v. Ireland, 70 Cal.2d 522, 539, 75 Cal.Rptr. 188 (1969), petitioner fails to establish the relevancy of this principal here. The record does not indicate that petitioner's conviction was based on the felony-murder rule.
 
 3. CALJIC 4.21--Voluntary Intoxication
 
 2
 Petitioner contends that the trial court erred in failing to instruct the jury, pursuant to CALJIC No. 4.21, that if it found that defendant was intoxicated at the time of the offense, it could consider such voluntary intoxication in determining whether defendant had the specific intent or mental state required for murder. The transcript indicates that petitioner's counsel requested that references to intoxication in the proposed instructions be deleted. Nonetheless, petitioner argues that the court should have instructed the jury on CALJIC No. 4.21 sua sponte.
 
 
 3
 Although there is authority for requiring a sua sponte instruction of CALJIC 4.21, the evidence presented in this case was insufficient to warrant such an instruction. See People v. Ramirez, 50 Cal.3d 1158, 1179-81, 270 Cal.Rptr. 286, 299-301, 791 P.2d 965 (1990). One witness testified that "I just figured [petitioner and victim] were drunk by the way they were acting." The witness further stated that petitioner slurred his words "a little" and had alcohol on his breath. However, the witness could not testify as to how much petitioner had been drinking. Nor did the witness see any empty bottles or cans from such information could be inferred. The witness testified that although the victim was "falling down drunk," petitioner was not. There is no evidence that petitioner's drinking had any substantial effect on him, or that he was so intoxicated that he could not form the requisite intent. Thus, the trial court did not err in failing to instruct the jury pursuant to CALJIC No. 4.21.
 
 4. Jury Instruction 8.75
 
 4
 Jury instructions "must be viewed in the context of the overall charge," Cupp v. Naughten, 414 U.S. 141, 147 (1973). Even if an instruction was improper, a conviction will not be set aside unless the instructions constituted a due process violation and rendered the trial fundamentally unfair. See Higgins v. Wainwright, 424 F.2d 177, 178 (5th Cir.), cert. denied, 400 U.S. 905 (1970); see also Gutierrez v. Griggs, 695 F.2d 1195, 1198-99 (9th Cir.1983).
 
 
 5
 CALJIC 8.75 is an "acquittal-first" instruction and provides that the jury must acquit on the greater offense before making a determination as to lesser included offenses. Jurors need not deliberate in any particular sequence, however, before making their determinations.
 
 
 6
 Petitioner claims this instruction confused the jury and shifted to petitioner the burden of persuasion on the element of malice. The California Supreme Court has noted that jurors may incorrectly understand CALJIC 8.75 to mean that it must return a not guilty verdict before it can even consider the remaining offenses. However, even when the trial court so interpreted CALJIC 8.75 and orally instructed the jury as to the sequence of deliberations, such error was held not to be prejudicial. People v. Kurtzman, 46 Cal.3d 322, 250 Cal.Rptr. 244, 758 P.2d 572 (1988).
 
 
 7
 This court has held that it is error to reject the defendant's timely request that the jury be told to consider the lesser-included offense if unable after reasonable effort to reach a verdict on the greater offense, a so-called "disagreement" instruction. United States v. Jackson, 726 F.2d 1466, 1469 (1984). However, either the acquittal-first or the disagreement instruction may be employed if the defendant expresses no choice. Id. Here, there is no indication in the record that petitioner requested the "disagreement" instruction. Thus, the district court did not err in instructing the jury pursuant to CALJIC 8.75.
 
 5. CALJIC 2.52--Flight Instruction
 
 8
 CALJIC No. 2.52 is the standard California instruction on flight. Petitioner claims the facts were insufficient to warrant the instruction. This argument is without merit. Both eyewitnesses to the murder testified petitioner fled from his home following the shooting, and petitioner himself admits that he left the scene. Moreover, CALJIC 2.52 cautions the jury not to infer guilt from flight alone. Thus, petitioner was not prejudiced by the jury's instruction on CALJIC 2.52.
 
 
 9
 Accordingly, the district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Barbara A. Caulfield, District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except a provided by Ninth Circuit Rule 36-3