472

**CIRCUIT COURT OF FAIRFAX COUNTY**

Commonwealth of Virginia

v.

Timothy Kerin

August 10, 1992

Case No. (Criminal) 75971

BY JUDGE GERALD BRUCE LEE

This matter is before the Court upon the defendant's motion to quash the July 20, 1992, indictment charging him with embezzlement under Va. Code Ann. § 18.2–111 (1988). The defendant contends that the indictment is fatally defective because it fails to allege "a common plan or scheme nor any distinct acts other than the alleged offense occurring on or about September 1, 1991." The Court finds that the indictment, as drawn, is defective as alleged. Such defect, however, is not fatal and may be cured by a bill of particulars. Accordingly, the Court overrules the defendant's motion to quash and orders that the Commonwealth file a bill of particulars.

The indictment at issue states, in pertinent part:

> On or about the 1st day of September, 1991, and continuing through the 29th day of February, 1992, in the County of Fairfax, Timothy Kerin did unlawfully and feloniously, wrongfully and fraudulently with intent to deprive permanently the owner thereof, embezzle good and lawful currency of the United States in excess of $200.00, property of May Department Stores, Inc., t/a Hecht Company, by virtue of his office, trust or employment.

The defendant contends that this indictment alleges *a single act of embezzlement* on September 1, 1991, which continued until February 1, 1992. The Commonwealth, however, contends that the indictment

sufficiently apprises the defendant that he is being charged with several distinct thefts of various amounts of money from his employer on several dates between September 1, 1991, and February 1, 1992.

Virginia Code § 19.2–223 explicitly allows the Commonwealth, within one count of an indictment, to proceed against the accused "for *any number* of distinct acts" of embezzlement which may have occurred during a six month period. Va. Code Ann. § 19.2–223 (1990) (emphasis added).

Virginia Code § 19.2–220 requires that an indictment be "a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date." Va. Code Ann. § 19.2–220 (1990).

A fair reading of the indictment at issue is that the Commonwealth has charged the defendant with a distinct offense of embezzlement on September 1, 1991, and that *this* offense continued until February 1, 1992. The indictment does not state that the defendant committed several distinct acts of embezzlement within that time period under a common plan or scheme.

The Court holds that this indictment is defective in that it does not state that several distinct acts of embezzlement were a part of a continuous common plan or scheme over the six month period. *See Challenor v. Commonwealth*, 209 Va. 789, 792, 167 S.E.2d 116, 118 (1969). Virginia Code § 19.2–223 must be read against the defendant's constitutional right to "demand the cause and nature of his accusation." Const. of Va., art. I, § 8.

Together, the Constitution of Virginia and Virginia Code § 19.2–220 provide one who is haled into court "the right to demand that he be told in plain intelligent language what is the cause of the complaint against him." *Pine v. Commonwealth*, 121 Va. 812, 93 S.E. 652 (1917). Additionally, Virginia Code § 19.2–223 permits the Commonwealth to join several distinct acts of embezzlement or larceny within a six month period of time within a single indictment. *See Mechling v. Slayton*, 361 F. Supp. 770 (E.D. Va. 1973). In the case at bar, as the indictment states *an embezzlement took place on September 1, 1991*, the Court holds that the indictment is not sufficient to apprise the defendant that he is charged with several distinct acts of embezzlement occurring on several dates during the six month time period identified in the indictment.

The defendant further contends that the Court must quash the indictment because it fails to allege that the defendant embezzled funds from his employer under a continuous plan or scheme. The Court rejects this contention. Under Virginia law, a court shall not quash or deem invalid an indictment "[f]or omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense." Va. Code Ann. § 19.2–226(6) (1990). The gravamen of the offense of embezzlement is theft from one's employer or larceny after trust by virtue of office, trust or employment. *See* Va. Code Ann. § 18.2–111 (1988). Time is not the essence of the offense of embezzlement. *See, e.g., Cool v. Commonwealth*, 94 Va. 799, 26 S.E. 692 (1896).

The Court believes that the defect in the indictment in question may be cured by a bill of particulars, *see* Va. Code Ann. § 19.2–230 (1990). The Court, therefore, directs the Commonwealth to file, within five days of this letter, a bill of particulars stating, to the extent practical, (1) when the embezzlement(s) occurred, (2) the location(s) of such offense(s),[1] and (3) the approximate dollar amount embezzled, where such information is available. *See Commonwealth v. McWhirt*, 22 Va. Cir. 48 (1990) (Fairfax Cir. Ct., Annuziata, J.).

---

[1] May Department Stores, Inc., t/a Hecht Company, has several locations; in order for the defendant to sufficiently consider or prepare an alibi defense, he must know, to the extent reasonable, when and where the offense(s) occurred.