**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alan Robert DESOMER, Defendant–**
**Appellant.**

**No. 06–10706.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 21, 2007.

Andrew W. Duncan, Esq., USLV–Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable George H. Wu, U.S. District Judge for the Central District of California, sitting by designation.

Chad A. Bowers, Esq., Law Offices of Chad A., Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, BYBEE, Circuit Judge, and WU *, District Judge.

MEMORANDUM **

Alan Desomer appeals his conviction and sentence for being a felon in possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In challenging his conviction, he contends that the judge erred by permitting the jury to consider documents that were not admitted into evidence. The record reflects that the district court did admit the documents and stated that they had been received. Defense counsel made no objection. *See United States v. Stapleton,* 494 F.2d 1269, 1270–71 (9th Cir.1974).

Desomer also contends that he was deprived of effective assistance of counsel because his lawyer did not object that the documents had not been admitted. Any objection that could have been made, however, would have been purely technical and easily cured. There was neither deficient performance nor prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

With respect to sentencing, Desomer contends that the court lacked sufficient

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

208

evidence to apply a base offense level of twenty and to impose three sentencing enhancements. Both documentary and testimonial evidence supported the district court's finding that defendant possessed a short barrel shotgun, thus supporting the imposition of the base offense level of twenty. *See* U.S.S.G. § 2K2.1(a)(4)(B). Not only the shotgun, but two other guns were found in the residence, and they supported the imposition of a two point sentencing enhancement for possession of three or more firearms. *See* U.S.S.G. § 2K2.1(b)(1)(A). There was testimony that one of the guns had an obliterated serial number, and this supported the two point enhancement pursuant to U.S.S.G. § 2K2.1(b)(4).

Finally, there was testimony by a police officer that he found in Desomer's house a black bag containing a device the bomb squad later confirmed was explosive. The enhancement he received pursuant to U.S.S.G. § 2K2.1(b)(3)(B) was for possession of a destructive device, defined to include an explosive device. *See* 26 U.S.C. § 5845(f).

All of the enhancements were therefore supported by a preponderance of the evidence. *See United States v. Kilby,* 443 F.3d 1135, 1140–41 (9th Cir.2006).

The judgment and sentence are AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.