Audie Anthony JOBE, Appellant,

v.

The STATE of Texas, Appellee.

No. 38785.

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied April 27, 1966.

No attorney of record on appeal for appellant.

Henry Wade, Dist. Atty., Robert H. Stenson, Jr., John Nelms and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is statutory rape; the punishment, 25 years.

The testimony of the prosecuting witness shows the following: She was 13 years of age; was a female and was not the wife of appellant. On the day alleged in the indictment she went to a basketball game at the Y.M.C.A. with another girl. She left the Y.M.C.A. about a quarter to ten and walked home. After she and her girl companion separated, and as she was going through Washington Court and was nearing her home, she met Matthew Beal, appellant Audie Jobe, and a third man she did not know. As she stepped off the sidewalk to let them by, Matthew Beal grabbed her around the neck with a black scarf and choked her—harder and harder as she tried to say anything. Beal pulled her over by a clothes line pole as he continued to choke her with the scarf and threw her on the ground. Appellant unzipped her gym suit while she was on the ground and Beal was choking her and telling her to shut up.

The girl further testified that appellant grabbed her pants, pulled them to the side, unzipped his pants and inserted his sexual organ into hers; Beal continued to choke her and tell her to shut up. One of the men said: "Say, man, get the watch" and someone took it while appellant was still on her. The boy she did not know said: "Say, man, let's go in a darker spot," and Beal drug her to another spot about 50 or 60 feet away and threw her down again. She finally got her hand up in the scarf and started screaming.

Beal kicked her behind her ear and appellant kicked and hit her with his fist in both eyes. A lady came to the door of the apartment and the three ran away. The lady then came out and got the girl. The police were called and the girl was taken to Parkland Hospital.

The girl identified appellant at a police lineup and at the trial as the man who raped her.

The doctor who examined her at the hospital testified that a smear of the vaginal secretion showed a large amount of vaginal discharge present and a few spermatozoa or male sperm.

He further testified:

"Q. What did she look like at that time?

"A. She was both agitated and distressed to an extent she was highly nervous and hard to examine her.

"Q. What did her features look like?

"A. Her face was puffy and swollen, what we call edema swelling around both eyes, they were closed, and I believe the left ear showed a lot of swelling, and laceration involving the external portion of the ear."

Appellant denied any knowledge of the offense and testified that he was not present.

We do not deem it necessary to set out the testimony of appellant and his witnesses which caused the court to submit the defense of alibi. Suffice it to say that the issue was submitted and decided by the jury in favor of the state.

■ We find the evidence sufficient to sustain the jury's verdict.

There are no formal bills of exception and no exceptions to the court's charge. No brief has been filed in appellant's behalf.

■ Appellant's counsel, in his argument, complained of the introduction of evidence showing that appellant was a married man and had children. This testimony was elicited from appellant on his cross-examination without objection.

Counsel argued that the evidence shows no resistance by the girl. Because of her age, consent would not be a defense and the state was not bound to prove resistance. Even so, the facts stated are deemed sufficient to show that the girl did not consent to the act of intercourse.

No error appearing, the judgment is affirmed.