James Allen LAMBRECHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 39242.

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

Rehearing Denied Jan. 11, 1967.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Watts, Tom F. Reese, Jr., W. John Allison, Jr., and Kerry P. FitzGerald, Asst. Dist. Attys., Dal-

las, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for robbery; the punishment, nine years.

Notice of appeal was given prior to January 1, 1966.

Glen Otis Hall testified that on September 3, he had been operating a service station owned by Raymond St. Clair for about two weeks; that the appellant had been coming by the station almost daily during this time; that while alone about 3 a. m., September 3, he looked up, after hearing footsteps, to see a man wearing a brown paper mask with his hand in a sack containing what looked like a pistol, saying: "Git in that washroom or I'll blow you in two," which put him in fear of his life or bodily injury; that he had seen the appellant across the street at another service station about midnight and at 2 a. m., before the robbery at 3 a. m.; that the robber's face was only partially covered, and he recognized the side of the face, the physical build, and the voice of the robber as those of the appellant, and identified the appellant, while testifying, as the man who robbed him and he so informed the officers who apprehended the appellant about 4:30 a. m., that night; that he had the care, control, and management of the station and the property therein, and that he did not give the appellant or anyone his consent to take the money from the cash register which was more than one hundred dollars.

Raymond St. Clair, the owner of the station, testified that the appellant had operated the station for him from July until the latter part of August, 1964; that more than three hundred dollars was missing from the station after the robbery on September 3; and that Hall had possession of the station at the time of the robbery.

The testimony reveals that the appellant was apprehended as he was leaving his apartment at 4:30 a. m., following the robbery at 3 a. m.; and the money taken in the robbery was found by the officers in the apartment at the direction of the appellant, and also at appellant's direction credit cards and checks taken in the robbery were found by the officers on a nearby lot.

Following the introduction of testimony which complied with the statutory provisions in effect at the time of the making of a written statement by the appellant, September 3, 1964, it was introduced in evidence by the state and reads in part as follows:

"My name is James Allen Lambrecht. * * * I have been employed * * * for Ray St. Clair * * *. Last week Mr. St. Clair fired me for having a fight with one of his regular customers. * * It was about 2:00 AM this morning and my wife and I drove to the station and she let me out of the car and I went around to the back of the station and pulled the main electric switch which cuts off the lights and had planned to go inside the station and get the money, then I remembered that the cash register wouldn't work without electricity, so I cut the lights back on. The man working there at the station was working out in front of the station at that time. I then went to where our car was and me and my wife went home. I then decided to go back and get the money and I made myself up with a silk stocking and we drove back to the station. Linda was driving and I told her to go around to the service road and wait for me. I got out of the car and went around to the back of the station and waited there until I saw her circle around and come back on the service road across the embankment and stop. Then I went inside the station where the man was working on a tire in the washroom, I had a brown paper sack in my hand. I told this man to get in the back room and stay there and he began giving me some lip and I again told him to get in the back room and stay there. I then

opened the cash register and got a bunch of bills and change and ran out of the station and ran east across the Loop 12 service road onto Loop 12 southbound where Linda came and picked me up after I had motioned to her. We then went on home and we counted the money and as well as I remember there was approximately $200.00 in cash and some change. We put some of the money into Linda's wallet and put the rest of it in the flour canister in the kitchen. I hid some checks and credit cards out in some bushes. This statement is the truth as far as I can recall all the circumstances."

An independent hearing was held by the trial court in the absence of the jury on the voluntary nature of the confession. No evidence was offered by the appellant. The court found that appellant's written statement was freely and voluntarily made.

The appellant did not testify or offer any evidence in his behalf on the main trial.

It is contended that the trial court erred in admitting testimony of an extraneous offense.

When St. Clair, the owner of the service station and former employer of the appellant, was asked about the reason for appellant ceasing to work for him, the objection that it was irrelevant was overruled. Upon St. Clair's answer that appellant's dismissal was for the reason that he and a customer had an argument in the station, and some blows were passed but no charges were filed, the appellant's objection that "another offense not being related to this" was sustained as to any other charges. Appellant's written statement reciting in part that "Mr. St. Clair fired me for having a fight with one of his regular customers," was introduced in evidence. Appellant's objection to the statement that "It's immaterial and irrelevant; it's bolstering. It's inadmissible," was overruled.

In light of the objections made and the rulings thereon, no reversible error is presented.

The evidence is sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.