**Paul McKINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47161.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

**538**

Jerry Wayne Adkins, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, *Presiding Judge.*

Appellant was convicted of statutory rape and the jury assessed punishment at sixty (60) years.

■ At the outset we shall consider appellant's complaint that the evidence is insufficient to support the conviction. He contends the prosecutrix's testimony was uncorroborated and she failed to make an outcry for at least one month after the alleged act of sexual intercourse upon which the State relies.

The prosecutrix, M————, was fourteen years of age at the time of the alleged offense and was one of the adopted daughters of the appellant. She related that she had been having intercourse with the appellant ever since she was ten or eleven years old; that on numerous occasions these acts occurred between April through August, 1970, when the appellant would take her into his bedroom and have sexual relations with her while her mother was gone, although other members of the family were in the house. She related that the last such event occurred about August 24, 1970,[1] and that she told her sister, Sharon, and her boyfriend, Ricky Baker, in September, 1970 of such acts and that when she was placed in a "juvenile home" for running away from home she told the authorities there of such acts and also told some relatives who informed the police. It appears the appellant was arrested in the latter part of October, 1970. She testified that she did not report these events earlier because she was afraid of her father and knew that he had beaten her sisters.

On cross-examination she admitted that she became pregnant in August, 1970, by

1. The date of the offense alleged in the indictment returned on November 30, 1970, was "on or about the 29th day of October in the year of our Lord One Thousand Nine Hundred and 70 . . . . ." In Grantom v. State, 415 S.W.2d 664, 665 (Tex.Cr.App. 1967), it was held that the prosecution is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of the statute of limitations.

her boyfriend, Baker, whom she subsequently married. She related the appellant opposed her going with Baker because he (Baker) was sniffing glue and was on drugs.

Testifying in his own behalf, appellant denied having sexual relations with M————, and on cross-examination denied having had sexual intercourse with any of his adopted daughters.

In rebuttal appellant's three other adopted daughters all testified that appellant had sexual intercourse with them on numerous occasions over a period of years while they were living at home.

As to appellant's contention, it is observed that in Uhl v. State, 479 S.W.2d 55 (Tex.Cr.App.1972), this court wrote:

"As noted in Johnson v. State, Tex. Cr.App., 449 S.W.2d 65, the general rule is well established that the testimony of a prosecutrix in a rape case even under the age of fifteen years need not be corroborated."

And further, in statutory rape cases the issue of consent cannot arise since the offense is complete with or without the consent of the prosecutrix. Hindman v. State, 152 Tex.Cr.R. 75, 211 S.W.2d 182 (1948).

Considered in the light most favorable to the jury's verdict, we deem the evidence sufficient to support the conviction. See Hoagland v. State, 494 S.W.2d 186 (Tex. Cr.App.1973); Franco v. State, 492 S.W. 2d 534 (Tex.Cr.App.1973).

■ Appellant also contends that the prosecution suppressed a report of a medical examination of one of appellant's daughters, the examination having been made several years before there was a prior accusation of statutory rape. He cites Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

Prior to trial appellant filed a motion for discovery. See Article 39.14, Vernon's Ann.C.C.P. Said motion was granted "as to any exculpatory evidence of any kind" in the State's possession. The State reported it had none in its possession.

During the trial, B———— H———— testified that her mother had taken her to the police station several years ago, after her complaint that the appellant had raped her, and she had had a physical examination. The court sustained the State's objection as to the results of the examination, but the witness did testify that at the time and after the examination her mother couldn't prove a thing.

In jury argument the prosecutor stated, "they got one of those good one to two minute examinations or one of them" and subsequently stated, "the examination was inconclusive, nothing could be proved."

Appellant contends that this suggests that the prosecution had such a report and that it was readily accessible to the State and that the same should have been disclosed.

Nothing was developed at a hearing on a motion for new trial or otherwise to show that the State had a written report of the examination which had occurred years before, and the above described argument could easily have been a reasonable deduction from the evidence.

Further, the report, if any, was not related to an examination of the prosecutrix, but to an examination of her sister years before the alleged offense. We cannot conclude that the evidence allegedly suppressed would have materially affected the determination of appellant's guilt or the punishment to be imposed and that the failure, if any, to disclose such evidence was so prejudicial, under the circumstances presented, as to warrant a reversal on the basis of denial of due process. See Means v. State, 429 S.W.2d 490, 495 (Tex.Cr. App.1968).

■ Next, appellant contends the court erred in overruling his motion to take the deposition of the prosecutrix.

**540**

In such motion appellant contended the prosecutrix would not talk to appellant's attorney and a deposition was needed to obtain "more detailed information about the alleged crime." The motion was filed February 26, 1971, but was not presented to the trial court until October 20, 1971, the day of trial. It was overruled with the notation "case set for today."

A defendant in a criminal case may take a deposition if he shows good reason at a hearing before the court and the court determines such reason exists. Article 39.02, Vernon's Ann.C.C.P.; Martin v. State, 422 S.W.2d 731 (Tex.Cr.App.1967).

The trial court has wide discretion in either granting or denying a motion for taking a deposition, Aguilar v. State, 468 S. W.2d 75 (Tex.Cr.App.1971); Beard v. State, 481 S.W.2d 875 (Tex.Cr.App.1972), and the fact that witnesses of whom depositions are requested are adverse witnesses is not enough standing alone to show an abuse of discretion in denying the motion to take a deposition. Tucker v. State, 461 S.W.2d 630 (Tex.Cr.App.1970), cert. denied, 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed. 2d 696 (1971).

For the appellate court to hold that the trial court abused its discretion in declining to permit depositions to be taken, there must be a showing that the defendant was injured by such action. Beshears v. State, 461 S.W.2d 122 (Tex.Cr.App.1970).

In the instant case there has been no showing that the appellant was injured by the court's ruling. Further, we note that the grand jury testimony of the prosecutrix was made available to the appellant for purposes of cross-examination and possible impeachment. Cf. Butler v. State, 429 S.W.2d 497 (Tex.Cr.App.1968).

Appellant's contention is without merit.

■ In his next ground of error appellant complains of the State's questioning of the prosecutrix's mother about "other cases" heard by the grand jury against him.

The record reflects that appellant called the prosecutrix's mother and his ex-wife in an attempt to establish, among other things, that she had talked to the district attorney's office about dismissing charges against the appellant. When the witness was passed, the following colloquy on cross-examination occurred:

"Q Mrs. McKinney, the first time I talked to you was after the grand jury had heard these cases and returned the indictment in this case?

"A Yes, sir.

"Q Isn't that right.

"A Yes.

"MR. ATKINS: All right. Your Honor, I would ask that the jury be instructed to disregard that question.

"THE COURT: All right. The jury will disregard any inferences to other cases."

Appellant's motion for mistrial was overruled.

Assuming the question and answer originally elicited of the witness was error, the error, if any, was cured by the court's instruction to the jury to disregard both question and answer. See and compare Frison v. State, 473 S.W.2d 479 (Tex.Cr. App.1971); Mays v. State, 434 S.W.2d 140 (Tex.Cr.App.1968); Lambrecht v. State, 409 S.W.2d 861 (Tex.Cr.App.1966).

■ Next, appellant complains that the prosecutor improperly impeached him by the use of prior convictions.

On direct examination at the December 14, 1971 trial the appellant testified that he had twice been convicted of passing worthless checks in 1970.

On cross-examination appellant also admitted, over his objection, that he had been convicted of unlawfully carrying a pistol on March 24, 1969.

It should be noted that even though appellant was improperly impeached with a conviction not involving moral turpitude, Dowdy v. State, 385 S.W.2d 678 (Tex.Cr.App.1964), appellant had already been impeached by the two other prior convictions during the guilt phase of his trial. Without a showing of prejudice, the error is clearly harmless under the circumstances.

■■■ Appellant also complains that he was improperly impeached by the State's use of a remote juvenile conviction.

The record reflects that while the appellant was on cross-examination he admitted he had been convicted in Kansas of assault with intent to rape on October 6, 1948.

To this cross-examination we find that appellant objected because "there had been pretrial motions filed" and the matter was brought up solely to inflame the minds of the jurors. Without ruling on appellant's objection, the court instructed the jury to disregard that appellant had pled guilty to assault to rape when he was sixteen years of age.

It should be noted that the court's refusal to grant appellant's motion for mistrial was not error. It has long been held by this court that the error in asking improper questions or in admitting improper testimony may easily be cured by the withdrawal of the testimony and an instruction to the jury to disregard the same, except in extreme cases where the question or evidence is of such a damaging or prejudicial nature as to suggest the impossibility of withdrawing the impression produced in the minds of the jury. See Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App.1972); Christ v. State, 480 S.W.2d 394 (Tex.Cr.App.1972); Mays v. State, supra.

We also note that appellant's complaint concerning his prior 1948 conviction in the State of Kansas being a juvenile conviction cannot stand. There was no showing made as to what the laws of Kansas were in regard to juvenile offenders or in regard to prosecutions of a minor for a felo-

ny in 1948. In absence of such showing, it is presumed that the law in the foreign state is the same as Texas law. It is here noted that a felony conviction of a sixteen year old Texas defendant is not void, Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962). Appellant's complaint is not presented for review by this court. See Slaton v. State, 418 S.W.2d 508 (Tex.Cr.App.1967).

Appellant's grounds of error are overruled.

■■■ The next ground of error complains that the prosecutor injected unsworn testimony into his jury argument which was prejudicial to the appellant.

The record reflects that immediately after appellant objected to the prosecutor's argument the court retired the jury for deliberations without ruling on said objection.

"An objection to argument must be pressed to the point of procuring a ruling, or the objection is waived. And to protect the record where an objection is passed on provisionally, counsel must procure a final ruling before the conclusion of the trial." 56 Tex.Jur.2d, Trial, Sec. 317, p. 673.

See also Verret v. State, 470 S.W.2d 883 (Tex.Cr.App.1971).

Appellant's ground of error is overruled.

■■■ Next, appellant complains that the court erred in overruling his objection to the State offering evidence as to extraneous offenses of fondling and sodomy performed on one of his adopted daughters who also testified as to extraneous offenses of rape.

It is appellant's position that since the offenses of fondling and sodomy have "nothing to do" with the instant offense the trial court erred in allowing such evidence to be admitted. The alleged offenses were shown to have been committed while the witness was living with her fa-

ther, and an examination of her testimony reflects that any evidence of extraneous transactions was admitted on the issue of intent. In the court's charge such evidence was limited to the purpose for which it was admitted. We perceive no error. See and compare Ballard v. State, 464 S.W.2d 861 (Tex.Cr.App.1971); Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836 (1953).

Next, appellant complains for the first time on appeal that he was denied a speedy trial.

The right of a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and is applicable to State proceedings by virtue of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). See also Article I, Sec. 10, State Constitution, Vernon's Ann.St.; Article 1.05, Vernon's Ann.C.C.P.

A "balancing test" for determination of the federal constitutional right to a speedy trial in which the conduct of both the prosecution and the defendant is weighed was set forth by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Some of the factors that the court determined should be considered in the "balancing test" were identified: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion for the delay; and (4) prejudice to the defendant.

The court did not regard these factors as talismanic. The court wrote:

"We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." 407 U.S. at 533, 92 S.Ct. at 2193.

See also Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).

With this background we shall now consider appellant's contention.

As to the length of delay, the period of time is measured from the time the accused becomes the accused. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971). In the instant case the appellant was arrested sometime in late October, 1970, was indicted on November 30, 1970, and was tried on December 14, 1971, an approximate lapse of thirteen months between arrest and trial. This court has had occasion to hold that a thirteen month delay is not so long as to demand a per se determination of a violation of the constitutional right to a speedy trial. Haas v. State, 498 S.W.2d 206, 211 (Tex. Cr.App.1973).

The reason for the delay does not appear. We do note that the case was passed and reset sixteen times. One resetting was at the request of the appellant and two resettings were by agreement. The docket sheet does not reflect the necessity for the other resettings. Appellant does not allege and the record does not reflect any deliberate effort by the State to delay the trial in the instant case.

We fail to find that the appellant made any effort or attempt to speed up the criminal process. A defendant who fails to demand his right to a speedy trial does not, however, waive such right. As pointed out in Barker v. Wingo, supra, a defendant's assertion of or failure to assert such right is only one of the factors to be considered in making an inquiry into whether there has been a deprivation of the right to a speedy trial. Appellant filed

no motion for a speedy trial and made no type of request for the same. Obviously appellant failed to assert his right by not making diligent and repeated efforts. Dickey v. Florida, supra.

In determining prejudice to a defendant, we must consider the interest of a defendant which the speedy trial right was designed to protect. Some of these interests are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the defendant; and (3) to limit the possibility that the defense will be impaired. Appellant, however, has made no showing how he was prejudiced. Haas v. State, supra.

Having considered the four facts mentioned in Barker v. Wingo, supra, and finding no other circumstances that are relevant, we conclude in applying "the balancing test" appellant was not denied his right to a speedy trial. See and compare George v. State, 498 S.W.2d 202 (Tex.Cr. App.1973); McCarty v. State, 498 S.W.2d 212 (Tex.Cr.App.1973); Haas v. State, supra.

The judgment is affirmed.