Paul Abraham McKINNEY,
Petitioner-Appellee,

v.

W. J. ESTELLE, Director Texas
Department of Corrections,
Respondent-Appellant.

No. 80–2296.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 30, 1981.

---

pleaded not guilty to the charge. He was tried in 1971 before a jury in state district court in Dallas County, Texas, found guilty, and sentenced to sixty years confinement in the Texas Department of Corrections. The Court of Criminal Appeals affirmed the conviction. *McKinney v. State*, 505 S.W.2d 536 (Tex.Crim.App.1974). McKinney sought habeas corpus relief from the Texas state courts but was unsuccessful.

In 1977, McKinney filed a petition for habeas corpus in federal district court alleging, inter alia, denial of the right to a speedy trial, failure of the prosecution to make disclosures during discovery, improper impeachment by use of a remote juvenile conviction, ineffective assistance of counsel, and improper prosecutorial argument.

The petition was referred to a United States Magistrate who found no merit in any of the allegations and recommended the denial of the petition. The district court adopted the Magistrate's findings and conclusions with respect to all of the allegations except that of improper prosecutorial argument and granted the petition on that basis. It is from the judgment granting the petition for habeas relief that the State appeals.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Mark A. Troy, Jr., Dallas, Tex., for petitioner-appellee.

Before CHARLES CLARK, TATE and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This is an appeal by W. J. Estelle, Jr., Director of the Texas Department of Corrections, from the district court's judgment granting habeas corpus relief to Paul Abraham McKinney. He had been convicted in Texas state court. We reverse.

McKinney was indicted for statutory rape of his adopted daughter, Michelle, and

## FACTS

McKinney's trial in Texas state court was marked by numerous instances of improper comment and argument by both the prosecutor and defense counsel. The prosecutor's closing argument, however, was particularly egregious and forms the basis of this appeal. During his argument, the prosecutor divulged the length of McKinney's sentence for a prior conviction, gave his own explanation for the prosecutrix's delayed reporting of the crime, commented on the weight of the indictment as evidence and the motives of defense counsel in pressing his case, and suggested that McKinney's guilt was a foregone conclusion by mentioning evidence that could be introduced only at the punishment phase of the trial. Defense counsel objected throughout the argument and was sometimes overruled and

sometimes sustained. The prosecutor then commented on defense counsel's continued objections by telling the jury, "He's [defense counsel] pretty well succeeded in destroying my train of thought...." When defense counsel objected to that comment, the trial court told him to sit down and let the prosecutor finish. The prosecutor's final statement was as follows:

Now, this is about the most clear cut case of guilt I can imagine. Maybe it's because I have been living with the case a long time and I know more; there have been a lot of hearings outside of your presence. You're not able to hear everything. There have been a lot of objections made during the trial. You may wonder, now why is that objection being sustained? Why is that one being overruled? Well, there were a lot of reasons for these things that you all never got to hear. A lot of these issues are taken care of outside of your presence, and evidence is admitted or ruled inadmissable outside of your presence frequently. So, at any rate, there are a lot of things that I know about the case; I have talked with the people; I feel very strongly about it, and I sincerely hope you feel the same way about it. You heard the evidence. Surely, there can be no reasonable doubt, no reasonable doubt in anyone's mind here. I hope and I pray that if there should be, if there should be, if eleven people should have reasonable doubt, that that one person who knows good and well that he's guilty just as he's sitting here, holds out and votes his conviction, because ladies and gentlemen, I will try him from day out and day in, day in and day out, for the rest of the time I'm with Henry Wade, because he's guilty as he's sitting in the courtroom today. If I have to I'll make a project out of it and I will ask you to return the only verdict which you can return in this case. That's a verdict of guilty.

Defense counsel objected immediately, but the trial court dismissed the jury without ruling on the objection, and defense counsel neither asked for a ruling nor renewed his objection.

## RESOLUTION OF THE ISSUES

The district court found that the prosecutor's closing argument was so inflammatory and improper as to render the whole trial fundamentally unfair. While the State concedes, as in all candor it must, that the argument was improper, it contends that McKinney's failure properly to preserve the error in accordance with Texas' contemporaneous objection rule operates as a waiver of the issue in a habeas corpus proceeding.

■ The prosecutor's final statement in his closing argument was blatantly improper. Under Texas law, however, a contemporaneous objection must be made to preserve such errors for review on appeal. Tex.Code Crim.Pro.Ann. art. 36.07 (Vernon 1966). Although defense counsel objected at the proper time, he failed to perfect his objection by obtaining a ruling on it. This procedural default barred review of the claim in the Texas courts on direct appeal and habeas corpus. *McKinney v. State*, 505 S.W.2d 536 (Tex.Crim.App.1974).

■■ Principles of comity and federalism prevent federal courts from granting relief in the nature of habeas corpus to a state prisoner whose claim was denied review by the state courts because of a procedural default, absent a showing both of cause for the default and resulting prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Washington v. Estelle*, 648 F.2d 276 (5th Cir. 1981); *Tyler v. Phelps*, 643 F.2d 1095 (5th Cir. 1981).[1] This case must turn on the application of these most important principles. The district court found that McKin-

---

1. Procedural defaults may be excused, notwithstanding *Wainwright*, where the state court reaches the merits of the claim despite a default, *Thompson v. Estelle*, 642 F.2d 996 (5th Cir. 1981), or where the state has its own rules excusing such defaults, *Clark v. Blackburn*, 632 F.2d 531 (5th Cir. 1980). Here, the state court refused to consider the merits of McKinney's claim, *McKinney v. State*, 505 S.W.2d 536 (Tex. Crim.App.1974), and Texas law does not excuse such defaults, *Jiminez v. Estelle*, 557 F.2d 506 (5th Cir. 1977).

ney had shown adequate cause and prejudice to overcome the procedural default and concluded that the error rendered the trial fundamentally unfair. Because we find that McKinney has not shown adequate cause for the default, we need not reach the issue of prejudice. The record as a whole shows that McKinney's trial did not lack fundamental fairness.

McKinney alleges two reasons for his counsel's failure to object properly at trial.[2] First, McKinney urges in his brief that "[t]he prosecutor's continuously improper remarks . . . prejudiced the petitioner so as to justify his failure to object at every instance where an improper argument was made." While it is true that continued improprieties on the part of the prosecution may, in some circumstances, excuse the defense of its duty to object, it cannot do so on this record. Our survey of post-*Wainwright* habeas corpus proceedings in this circuit has not revealed a single case in which the cause element of the *Wainwright* test was satisfied by the petitioner's allegation that prosecutorial misconduct caused the default.

The district court mistakenly relied upon *United States v. Garza*, 608 F.2d 659 (5th Cir. 1979), and *Houston v. Estelle*, 569 F.2d 372 (5th Cir. 1978), to support its holding that the improper prosecutorial argument was sufficient cause for McKinney's procedural default. Neither case, however, is applicable here.

*Garza* involved a direct appeal from a criminal conviction in federal court in which the appellant claimed that prosecutorial misconduct rendered the trial fundamentally unfair. As in the present case, the appellant failed to object properly at trial. Because the case was a direct appeal from a federal conviction, it was reviewed under the "plain error" standard; *Wainwright* was not at issue. The cause and prejudice

test of *Wainwright* comes into play only in habeas petitions from state prisoners. While prosecutorial misconduct may be sufficient to constitute "plain error," it does not follow that the misconduct is sufficient to establish the cause element of the *Wainwright* test.

*Houston* was a habeas corpus case. The central issue there, however, was whether the petitioner had exhausted state remedies as required by 28 U.S.C. § 2254(c). The state court had refused to review the petitioner's claim regarding prosecutorial misconduct because he had failed to follow the formal requirements for error identification. This court found that because the petitioner had presented the issue to the state court, albeit in an improper form, he had exhausted state remedies. The opinion cites *Wainwright* only in connection with the issue of exhaustion and does not mention the cause and prejudice test because it was not at issue in the case.

Even if prosecutorial misconduct were sufficient to excuse a failure to object in the context of *Wainwright*, our decision would be unchanged. In the present case, defense counsel did object; his error was in failing to perfect his objection. Against the background of his frequent objections throughout the trial and throughout the prosecutor's argument, his objection appears to have been largely an off-handed comment, more for the purpose of impressing the jury than to get a ruling. A holding excusing an attorney who is stymied by prosecutorial misconduct is not justified when the attorney was unshaken by the misconduct, but merely failed to carry through on his responsibilities.

McKinney's second explanation for defense counsel's failure to perfect the objection is that the attorney was intimidated by the prosecutor's remarks. An examination of the trial court transcript shows no specif-

**2.** McKinney also argues that the error was properly preserved under Texas law. In its review of this case on direct appeal, however, the Texas Court of Criminal Appeals found that defense counsel had not perfected his objection as required by Texas' contemporaneous objection rule and refused to consider the issue fur-

ther. *McKinney v. State*, 505 S.W.2d 536 (Tex. Crim.App.1974). We are bound to follow the Texas court's determination on this matter. *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

ic evidence of this; such a contention is wholly speculative. In addition, the transcript as a whole makes this contention untenable. Defense counsel objected vigorously throughout the entire trial despite the remarks of the prosecutor and the trial court's numerous rulings against him. There is nothing to show that he was suddenly stricken with fear at the last moment of the trial. Had defense counsel truly feared the wrath of the prosecutor or the court, or that his continued objections would prejudice his client's case in the eyes of the jury, he would not have made this objection, or many earlier objections, in the first place. As we stated above, the rule excusing the omissions of a stymied attorney will not save one who fails to finish the job he was bold enough to begin.

Finally, while the closing argument of the prosecutor went far beyond the proper bounds, it must be noted that it somewhat fit into the general tenor of the entire trial. The closing argument of the defense attorney might have been a stimulus to the prosecutor's improper closing argument. Furthermore, the transcript makes clear that defense counsel was guilty of improper comment and argument, perhaps in equal measure, throughout the course of a trial which fell far short of a model of the orderly search for truth which is the jurisprudential ideal. Under these circumstances, we cannot say that defense counsel's procedural default is excusable,[3] or that the trial lacked fundamental fairness.

While we expressly disapprove of the conduct of the prosecuting attorney, we must nevertheless conclude that it is insufficient to satisfy the cause elements of the *Wainwright* test in this case. Therefore we reverse the judgment of the district court granting the writ of habeas corpus.

REVERSED.

TATE, Circuit Judge, dissenting:

I respectfully dissent.

The majority has quoted the most improper concluding argument made by the prosecutor. The majority has not, however, detailed the repeated prior improprieties by the prosecutor, and the unsuccessful attempts by the defendant's counsel to have the court assert curative action against these grossly improper arguments. It was in the light of these past continuous improprieties, as well as of this quoted concluding argument (just before the jury retired) that the present trial court concluded: "In the context of McKinney's trial and against the 'backdrop' of the prosecutor's earlier arguments, the Court does not hesitate to find that the argument about which McKinney complains was so egregious that it deprived him of his right to a fair trial under the due process clause."

My brethren of the majority somewhat lightly disagree with this conclusion. Rather, they emphasize that under *Wainwright v. Sykes* a procedural default under Texas law bars federal habeas relief.

The defendant's counsel did object to the grossly improper argument (as he had consistently to previous such exhibitions). The state procedural default here is that counsel, although objecting, did not obtain an express ruling by the state trial court upon the objection. *McKinney v. State*, 506 S.W.2d 536, 541 (Tex.Crim.App.1974). As the Texas appellate decision states: "The record reflects that immediately after appellant objected to the prosecutor's argument the court retired the jury for deliberations without ruling on said objection."

Prejudice is clearly shown by the grossly improper argument. The issue, then, is whether under *Wainwright v. Sykes* there was "cause" for the defense counsel's failure to obtain a ruling upon his objection—a ruling that would as undoubtedly have been adverse, as was the case for most of his previous objections.

---

**3.** McKinney has not raised the issue of ineffective assistance of counsel in this appeal. The failure to perfect the critical objection in this case however, does raise the issue of whether the failure is a reflection of a general ineptness of counsel. A review of the transcript does not show such a general ineptness, however.

I would agree with the present district court that adequate cause is shown for this minor procedural default.[1] The court stated:

> To the extent that respondent relies on Texas' "contemporaneous objection" rule to frustrate McKinney's claim, *see McKinney v. State*, 505 S.W.2d 536, 541 (Tex.Crim.App.1974), the Court is of the opinion that McKinney has demonstrated the necessary "cause and prejudice" to circumvent the rule's strictures. Eubanks' repeated improprieties caused Atkins to fail to press his objection to the complained-of remark. *Cf. United States v. Garza*, 608 F.2d 659, 666 (5th Cir. 1979) ("while defense counsel could and, indeed, should have objected to the first instances of improper comment by the prosecutor, at some point the transgressions of this prosecutor cumulated so greatly as to be incurable; then objection to these extremely prejudicial comments would serve only to focus the jury's attention on them"); *Houston v. Estelle, supra* [569 F.2d 372 (5th Cir. 1978)] at 381–82 (repeated instances of improper argument and improper comments on defense counsel's successful objections may mitigate defendant's duty to object). The inherent prejudice in Eubanks' last remarks is evident.

> [T]he most important problem facing the jury was its decision to credit the testimony of . . . the [state's] witnesses or that of [the defendant] . . . . The prosecutor's comments . . . were expressly intended to influence this critical credibility choice; he introduced for the jury's consideration his own personal opinion as to this choice, suggested the existence of information beyond that presented at trial to support his witnesses' credibility, and sought to use the status and influence of the entire government investigatory apparatus to bolster the believability of this case.

*U. S. v. Garza, supra* at 665–66 (footnote omitted).

As Judge Rubin recognized in his separate opinion in *Cronnon v. Alabama, supra* [587 F.2d 246 (5th Cir. 1979)] at 252 (Rubin, concurring in the result), claims of improper jury argument necessitate judicial linedrawing. Eubanks' argument was clearly more improper and more prejudicial than those approved in *Cronnon v. Alabama, supra*, and *Alvarez v. Estelle, supra* [531 F.2d 1319 (5th Cir. 1976)] but not nearly so egregious as that condemned in *Houston v. Estelle, supra*. However, the Court is convinced that Eubanks' final remarks, rife with suggestions that the court and defense counsel had frustrated the prosecution's attempts to present all of the evidence and laced with his firm personal conviction of McKinney's guilt, crossed the boundaries of constitutionality and propriety, and deprived McKinney of the fundamentally fair trial to which he was entitled.

Accordingly, I respectfully dissent.

---

1. I will not dwell upon the factual lack of opportunity, without interrupting the jury's process of leaving the courtroom, if the defendant's counsel had asked the court once again for a ruling that undoubtedly would have overruled the defense objection of improper prosecutorial argument, as on repeated earlier occasions. The record shows that, *immediately* following defense counsel's objection, the state trial court, without referring to it, immediately announced to the jury: "Ladies and gentlemen, you will take the Court's charge, retire to the jury room, elect a foreman, and when you have arrived at a verdict, knock on the door and we will receive it."