Opinion issued November 10, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00989-CR




JEREMY ADRIAN BEASLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 994928




MEMORANDUM OPINIONA jury found appellant, Jeremy Adrian Beasley, guilty of the felony offense of
sexual assault of a child and assessed punishment at 5 years community supervision. 
Appellant presents eight issues on appeal. In his first two issues, appellant asserts
that the trial court erred in (1) admitting documents from the Children’s Assessment
Center (“CAC”) as business records and (2) not allowing Appellant to make an offer
of proof before the jury was charged. Finally, in issues three through eight, appellant
argues that the trial court erred in excluding from evidence recordings and transcripts
of a telephone conversation between the complainant’s grandfather and Appellant.


 
We affirm. 
BACKGROUND
          In the summer of 2003, H.P. , the fifteen year-old complainant, met appellant,
a horse jockey and friend of H.P.’s family, at a racetrack in Dallas and developed a
crush on him. The relationship progressed platonically, mostly via cell phone calls
and “text-messaging” each other on their cell phones. Eventually, the text-messages
became more intimate and sexually explicit. On January 2, 2004, H.P contacted
appellant and asked him to pick her up at a friend’s house. The couple stopped to get
condoms, checked in at nearby hotel, and engaged in cunnilingus, fellatio, and sexual
intercourse. 
          At trial, prior to opening statements, appellant apprised the trial court that he
wished to use a tape recorded conversation between appellant and the victim’s
grandfather in his opening statement. Appellant believed the tape showed a plot by
H.P.’s family—also involved in the horse racing and jockey business—to extort him
by threatening to press fabricated statutory rape charges in order to further the
pecuniary interest of the victim’s family.


 
          Thereafter, appellant attempted on three separate occasions to re-offer the tape
recorded conversation; the trial court reiterated its ruling; and appellant noted his
desire to make a “bill of exceptions” or offer of proof. Finally, just before the reading
of the jury charge, this exchange occurred between appellant’s trial counsel and the
trial court:
MR. ROSEN:Like to make the Bill now, Judge.
 
THE COURT: Well, I can’t let you do it now. We need to get
on with the trial. I’ll let you make it afterward, for as long as you
need. 

Immediately thereafter, the trial court reviewed the jury charge and then read it to the
jury. After the jury began deliberations, appellant made his offer of proof. 
DISCUSSION
I. Admitting CAC Business Records
          In his first issue, appellant asserts that the trial court erred in admitting a report
of a physician’s examination of H.P. from the CAC as business records. To preserve
error for appellate review, a defendant must make a specific objection in the trial
court. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Tex. R. App. P.
33.1(a)(1)(A). The point or error on appeal must comport with the specific objection
made at trial. Wilson, 71 S.W.3d at 349. An objection stating one legal basis may not
be used to support a different legal basis on appeal. Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990). The Court of Criminal Appeals recently reiterated the
policy underlying these requirements: 
The generally acknowledged policies of requiring specific objections are
two-fold. First, a specific objection is required to inform the trial judge
of the basis of the objection and afford him the opportunity to rule on it. 
Second, a specific objection is required to afford opposing counsel an
opportunity to remove the objection or supply other testimony. Stated
more broadly, objections promote the prevention and correction of
errors. When valid objections are timely made and sustained, the parties
may have a lawful trial. They and the judicial system are not burdened
by appeal and retrial. When a party is excused from the requirement of
objecting, the results are the opposite.Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (internal citations and
quotation marks omitted).
          At trial, after the State offered the CAC physician’s report as a business record,
appellant stated the following grounds for his objection: (1) the report was hearsay
and, in any event, the State had not laid the proper predicate for the business records
exception to the hearsay rule; and (2) it violated the Confrontation Clause of the
Sixth Amendment because he had the right to “cross-examine and confront witnesses
against me.” The trial court overruled the objection and admitted the evidence.
          A. The Hearsay Objection
          On appeal, appellant contends that the CAC physician’s report does not fall
under business records exception because the report was prepared in anticipation of
litigation. See Freeman v. Am. Motorists Ins. Co., 53 S.W.3d 710 (Tex.
App—Houston [1st Dist.] 2001, no pet.) (reaffirming that records made in
contemplation of legal proceedings are not “regularly kept” records for purposes of
Rule 803(6)). See Tex. R. Evid. 803(6).
          Generally a hearsay objection is sufficiently precise to preserve error on appeal.
Long v. State, 800 S.W.2d 545 (Tex. Crim. App. 1990) (holding that even a general
objection will not waive error if complaint is obvious); see also Cofield v. State, 891
S.W.2d 952, 954 (Tex. Crim. App. 1994) (identifying challenged evidence as hearsay
should generally be regarded as sufficiently specific objection); Lankston v. State,
827 S.W.2d 907, 910 (Tex. Crim. App. 1992) (holding same). However, this general
rule is qualified by the admonition that the complaint “in the context of the record” 
must have been “obvious to the trial court and the State.” Long, 800 S.W.2d at 548;
see also Cofield, 891 S.W.2d at 954 (stating that from facts it was “obvious that the
trial court and the parties were well aware that the evidence was being proffered as
an exception to the hearsay rule as a statement against the passenger's penal
interest”); Lankston, 827 S.W.2d at 910 (stating that it is “clear from context that both
judge and prosecutor understood Appellant's objection to be a complaint about
testimony not falling within the statutory hearsay exception for ‘outcry’ witnesses”).
          The state offered the CAC report under the business records exception, and
appellant objected to the report as hearsay; however, he did not apprise the trial court
of the issue he now argues on appeal—that the report was prepared in anticipation of
litigation. Appellant’s most specific statements as to the report were to point out the
requirement for a business records affidavit and also an objection on Confrontation
Clause grounds, an issue we take up in the following section of this opinion. 
Appellant’s simple hearsay objection was not enough to make it obvious to the trial
court and the State that he wished to obtain a ruling on whether the report was
prepared in anticipation of litigation. Cofield, 891 S.W.2d at 954. Appellant
therefore, on this issue, presents nothing for us to review. 
          B. Confrontation Objection
          Appellant further contends on appeal that the admission of the CAC’s medical
report violated his Sixth Amendment right to confrontation. That is, appellant states
that the “[medical doctor] was an agent for the Humble Police Department, conducing
[sic] portions of an investigation into an allegation of criminal conduct.” 
          However, this sub-issue regarding the admission of the CAC’s records into
evidence suffers from the same defect as the hearsay objection. Appellant’s objection
at trial was simply that he had a right of confrontation as to the doctor who prepared
the CAC report. To have properly preserved this issue for appeal, appellant had to
state the specific objection he now asserts before this Court. Wilson, 71 S.W.3d at
349. Appellant did not do so; therefore, on this count, he presents nothing for us to
review.
II. Offer of Proof
          Appellant next contends that the trial court erred in refusing to allow trial
counsel to make an offer of proof. Texas Rule of Evidence 103(b) clearly states that
the offering party must make its offer of proof “before the court’s charge is read to
the jury.” Tex. R. Evid. 103(b). It is of no significance that the trial court stated that
it would let appellant make his offer of proof “afterward.”


 It was defense counsel’s
responsibility insist on his right to make an offer of proof before the jury was
charged. Furthermore, this is not a case in which the trial court made an absolute
refusal to allow appellant to make an offer of proof. Cf. Spence v. State, 758 S.W.2d
597 (Tex. Crim. App. 1988) (holding that trial court’s refusal to permit counsel to
make offer of proof constituted reversible error). Nor is this a case in which appellant
objected to the trial court’s actions in failing to allow him to present his offer of proof
prior to the reading of the charge. Id. The trial court did let him make his offer of
proof, albeit at the incorrect time. Because appellant did not lodge his objection
before the charge was read to the jury, the error is waived.
III. Exclusion of Blackmail Evidence
          In issues three through eight, appellant complains that the trial court erred in
excluding, in a variety of forms


, evidence of a tape recorded conversation purporting
to show an attempt to blackmail appellant. Appellant asserts that the exclusion of this
evidence violated his Sixth Amendment constitutional rights, which ensure every
criminal defendant “a meaningful opportunity to present a complete defense.” Crane
v. Kentucky, 476 U.S. 683, 690, 106 S. Ct. 2142, 2146 (1984). That is, appellant
avers, trial counsel’s theory of the case was based wholly on the inclusion of the
blackmail evidence to prove that H.P. was coerced by her family into fabricating the
statutory rape allegation for H.P.’s family’s financial gain, and its exclusion
precluded him from presenting a meaningful defense. 
          The appropriate standard of review for determining whether a trial court’s
decision to exclude evidence rises to a constitutional violation was set forth by the
Court of Criminal Appeals in Potier v. State, 68 S.W.3d 657, 665 (Tex. Crim. App.
2002). The Court held that the “exclusion of a defendant’s evidence will be
constitutional error only if the evidence forms such a vital portion of the case that
exclusion effectively precludes the defendant from presenting a defense.” Id.
          As a preliminary matter, however, we must determine whether the trial court
erred in excluding the evidence for lack of relevancy. If the trial court’s evidentiary
ruling was correct, no constitutional error need be considered. We review the trial
court’s decision to admit or exclude evidence under an abuse of discretion standard. 
Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). We will not
reverse a trial judge whose ruling was within the “zone of reasonable disagreement.”
Id. at 391.
           Relevant evidence is “evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence.” Tex. R. Evid. 401. “Relevancy
is not an inherent characteristic of any item of evidence but exists as a relation
between an item of evidence and a matter properly provable in the case.”
Montgomery, 810 S.W.2d at 375 (citing Advisory Committee's Note to Fed. R. Evid.
401). “Accordingly, courts must examine the purpose for which the evidence is
offered and whether there is a direct or logical connection between the evidence and
the proposition sought to be proven.” Garza v. State, 18 S.W.3d 813, 822 (Tex.
App.—Fort Worth 2000, pet. ref’d). 
          It is well-established that where the crime charged is statutory rape (codified
as sexual assault of a child), the only issue is whether a prohibited sexual act
occurred. See McKinney v. State, 505 S.W.2d 536 (Tex. Crim. App. 1974) (holding
that where offense of statutory rape is concerned, consent of victim or her failure to
report crime for a month is immaterial); Jobe v. State, 401 S.W.2d 247 (Tex. Crim.
App. 1966) (holding that consent of 13 year old victim no defense to statutory rape
charge); Purifoy v. State, 293 S.W.2d 663 (Tex. Crim. App.1956) (holding that
offense of statutory rape is complete without regard to female’s consent).
          Therefore, the blackmail tape necessarily had to be offered to prove that H.P.
and her family were engaged in a conspiracy to fabricate a statutory rape charge for
H.P’s family’s pecuniary benefit because the only possible relevant purpose was to
show the statutory rape never occurred. Given this, appellant argues, as he must, “at
the heart of [appellant’s] defense, Appellant attempted to show [via the introduction
of the blackmail evidence] complainant’s motive to lie” and attack her credibility. 
However, appellant’s trial counsel conceded to the trial court that H.P. was not
directly involved in the conversation, nor was she part of the blackmail scheme. 
          Accordingly, appellant has failed to establish “a direct or logical connection
between the evidence and the proposition sought to be proven.” Garza, 18 S.W.3d
at 822. That is, if H.P. was not, as appellant himself acknowledged, involved in the
blackmail scheme then the blackmail evidence fails to have any “direct or logical
connection” as to her motive to lie or her credibility concerning whether statutory
rape occurred. Id. 
          To put it another way, appellant cannot on appeal impute to H.P. the nefarious
motive to claim a sexual assault which did not happen, but at trial—because it served
his temporal trial strategy—argue that she was never a part of the scheme to begin
with. Because the “trial court has considerable discretion as to how bias is proven
and as to what collateral evidence can be introduced for that purpose” and appellant
failed to provide the trial court with a “direct and logical connection between the
evidence and proposition sought to be proved,” we hold that the trial court did not
abuse its discretion in excluding the blackmail evidence and therefore overrule
appellant’s issues three through eight. Trinh v. State, 930 S.W.2d 214, 219 (Tex.
App.—Fort Worth 1996, pet. ref’d) ; Garza, 18 S.W.3d at 22.
CONCLUSION 
          We affirm the judgement of the trial court in all respects.
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).